The opinion of the Court was afterwards delivered as follows, by
Parsons, C. J.
The defendant objects to the verdict found for the plaintiffs in this action, because there was no evidence to prove the contract declared on. The contract produced in evidence was signed by the defendant, and the other members of the corporation. In this contract he engages to take one share, and to pay all such legal assessments as should afterwards be made by the government of the corporation, on condition that the number of shares should be six hundred, and that the turnpike should be located as is there described ; and it was admitted that the conditions were performed, and the assessment on the shares duly made, as declared by the plaintiffs.
The statute of 1805, c. 67, erecting this corporation, as well as the statute of 1804, c. 125, respecting turnpike corporations in general, provides that the shares of a delinquent proprietor may be sold for the payment of the assessments which are in arrear. [ *85 ] This remedy the * defendant contends is the only remedy which the plaintiffs by law have, and that he is not liable to an action for not paying his assessments.
The plaintiffs contend that they may not only sell the shares, but on a contract like this, as a cumulative remedy, may compel the payment of the assessments by action.
The indemnity which a turnpike corporation can, by the stature creating it, claim for the expenses of locating and making the turn pike, arises wholly from the legal toll to be received.- And after it is created, with all the necessary powers, it may be very uncertain whether the indemnity will be sufficient,, as the expenses and the toll are each uncertain; and the directors can have no funds to enable them to' contract with or pay the workmen, but the value of the shares when sold, unless they bind themselves personally to the payment. This cannot reasonably be expected from them, without some further security from the proprietors than the value of their shares, which in fact may be unequal to the reimbursement.
This furtner security is therefore a reasonable one, and of convenience to the public, so far as turnpikes are a common benefit. There is no legal objection to a contract between the corporation and the individual members of it, more than between a town and *63 any of its inhabitants, when the authority of the corporation to contract with its members is within the reason of the powers vested in it, and may be necessary, for their execution; although this authority may not be expressly given by the incorporating act, or by any other statute.
Notwithstanding the remedy of sale given by statute, if the proprietors, to induce the corporation to make the turnpike, will expressly promise to pay their proportion of the legal assessments for the expenses, and the corporation proceed in the execution of their powers on the faith of these promises, we are satisfied that the promises * are good in law. They are made between [ * 86 ] parties competent to make them, and for a legal consideration. This consideration arises not only from the expenses incurred by one party (the corporation), but also from the benefit received by the other party (the proprietor), by his interest in the turnpike road, and his right to receive a proportion of the toll. If the promise is good in, law, an action to recover damages for the breach of it may be maintained.
In applying the evidence in the cause to these principles, it appears that the defendant, in consideration of becoming a proprietor of one share, made a legal contract with the corporation, to pay the assessments duly made, on certain conditions; that those conditions were performed; that the assessments on his and on the other shares were duly made; that he had notice, and was requested to pay his assessments, which he refused. Having made a legal contract with the plaintiffs for a good consideration, and having broken it, he is liable for the damages arising to the plaintiffs for the breach. The plaintiffs have therefore maintained their action, and the verdict must stand (a).

Judgment according, to the verdict.

 Gilmore vs. Pope, post, 591. — Middlesex Turnpike Corporation vs. Swan, 10 Mass. 384, 3d Ed. and note. — Taunton and South Boston Corporation vs. Whiting, 10 Mass. 334. 3d Ed. and note. — Essex Turnpike Corporation vs. Collins, 8 Mass. 292.— Middlesex Turnpike Corporation vs. Locke, 8 Mass. 268. — Andover Turnpike Corporation vs. Gould, 6 Mass. 40. — Andover Turnpike Corporation vs. Hay, 7 Mass. 102.— New Bedford and Bridgewater Turnpike Corporation vs. Adams, 8 Mass. 163.