*Parks,* for the defendant.

---

## Trustees of Ministerial and School fund in LEVANT vs. PARKS & al.

Where by statute, " the Selectmen, Town Clerk and Treasurer of a town for " the time being" " are constituted and declared to be a body corporate and " *Trustees of the Ministerial and School fund*" in such town forever, with power " to prosecute and defend suits at law ;" it was *held,* that a suit was rightly brought in the corporate name of "*Trustees of the Ministerial and School* "*fund in the town of L.*" — and that it was not necessary that the names and official characters of those individuals should be particularly set forth in the writ.

A note of hand made payable to G. W. *as treasurer of a corporation,* was *held* to be rightly sued in the name of such corporation.

Whether an action could have been maintained thereon in the name of G. W. — *quære.*

THIS was an action of *assumpsit* against the defendants, as guarantors of the payment of three notes of hand made payable to " *George Waugh,* Treasurer of the Ministerial and School " fund in *Levant,* or his successor in office." A verdict having been returned for the plaintiffs, the defendants' counsel moved in arrest of judgment " because the plaintiffs could main- " tain no action upon said notes in their names, said notes not " being payable to them, and not being indorsed to them ; — " and because the evidence was variant from the declaration."

*Allen* and *Rogers,* for the defendants, insisted that the action

should have been in the names of the individuals holding the offices of Selectmen, Town Clerk and Treasurer, the statute having made them the Trustees of the fund.

2. Or it should have been in the name of *Waugh*, the payee. *Buffum v. Chadwick*, 8 *Mass.* 103 ; *Amherst Academy v. Cowles*, 6 *Pick.* 427 ; *Clap v. Day*, 2 *Greenl.* 305.

3. They also contended that, there was a variance between the evidence and declaration ; — the note being payable to *Waugh*, and the writ setting out a promise to the plaintiffs.

*Godfrey*, for the plaintiffs, to show that if the objections *made* by the defendants' counsel, were sound, they could not be urged in this form, cited *Nantucket Bank v. Gilbert & al.* 5 *Mass.* 97.

To show that the action could be sustained in the name of the plaintiffs, he cited *Fisher v. Ellis*, 3 *Pick.* 323 ; *Irish v. Webster*, 5 *Greenl.* 171.

The opinion of the Court was delivered by

Parris J. — This is an action of *assumpsit* against the defendants, upon their guaranty of a note of hand given by *Bunker* and others, promising to pay to *George Waugh*, Treasurer of the Ministerial and School fund in *Levant*, or his successor in office, a certain sum therein specified. The action is brought in the name of the trustees of said fund, and a verdict having been returned in favour of the plaintiffs, the defendants move in arrest of judgment. That motion is now before us.

The first ground upon which it is attempted to be sustained is, that the action is not brought in the name of the proper party, having the care and management of said fund, or rather that the party is not properly described. Waiving the objection that might well be made to opening this question under a motion in arrest of judgment, we will proceed to consider it in the same manner as if taken in the proper form and presented in the proper stage of the proceedings. By the general statute, *ch.* 254, *sec.* 2, it is provided, that " *the Selectmen, Town Clerk* " *and Treasurer for the time being, of every town in the State,* " *wherein no other Trustees for the same purpose are already*

" *by law appointed, shall be, and they hereby are constituted and*
" *declared to be a body corporate, and Trustees of the Ministe-*
" *rial and School funds in such towns forever, with power to*
" *prosecute and defend suits at law, &c. and with all the other*
" *powers heretofore granted, or incident by law, to such corpora-*
" *tions.*"

It is contended, that this action should have been brought in
the name of the Selectmen, Clerk and Treasurer for the time
being, and that their names and official characters should have
been particularly set forth in the writ. We are unable to per-
ceive the necessity of such particularity. The law has pointed
out who shall constitute the corporation, by describing their of-
ficial character, as clearly and with as much certainty as if they
had been designated by name. Who constitute the Trustees
of the Ministerial and School fund in the town of *Levant?*
The law answers ; the individuals holding certain municipal of-
fices in said town, to wit, the Selectmen, Town Clerk and Trea-
surer. Can there be any doubt who those individuals are ? In
law, that is considered certain which can be made so ; and sure-
ly there can be no greater difficulty in proving by record evi-
dence who are the Selectmen of *Levant* than in proving who
are the members of any other corporation in the State ; and we
apprehend that the defendants, if they should prevail in this ac-
tion, would meet with no difficulty in finding those who, under
the name of Trustees, would be answerable for costs. How is
it when suits are prosecuted by the Trustees of the various cor-
porations created to superintend and hold property for the ben-
efit of our literary institutions ? The corporate name and style
is the only designation of the corporation or the members com-
posing it, whether they be plaintiff or defendant. It has nev-
er been deemed necessary to enumerate each individual com-
posing the corporation ; and why ? Because they were suf-
ficiently indicated by the corporate name ; were known in law
by that name, and any other designation or description would,
at least, be superfluous.

A case is supposed, in the argument for the defendants, of a
number of individuals associating together to accomplish a par-
ticular object, and take no name, and the question is asked,

how shall they be designated. If the law gives them such a name as will designate them, they must use it; if not, they must adopt some name by which they will be known and called. Suppose the Legislature should incorporate A., B. and C. and their successors as Trustees of an academy, to be established in *Levant*, without designating the name by which they should be known and called. Could they not take to themselves a name that would be equally as legal as if prescribed by the Legislature? It is said in *Angell on Corporations, p.* 56, and 1 *Salk.* 191, is referred to as authority, that the name of a corporation may be implied; as if the inhabitants of *Dale* should be incorporated with power to choose a Mayor annually, though no name be expressed, yet it is a good corporation, by the name of " Mayor and Commonalty."

It is objected, that one of the necessary properties of a corporation is wanting in this case, namely, perpetuity. That whenever there shall be no Selectmen, Clerk and Treasurer of the town, there will be no members of the corporation. All corporations must depend for continuance upon a succession of members. But that the succession may fail is no argument against the possession of corporate powers, so long as the succession continues. A corporation may refuse to fill vacancies and its very object and existence may wholly fail in consequence of such refusal; but so long as there remain a sufficient number of members to constitute a quorum they will retain full corporate powers up to the last moment of the existence of the corporation. So in this case, it is possible, though by no means a probable event, that a town may be destitute of such municipal officers as compose the Trustees of its Ministerial and School fund; still, that possibility in no wise impairs the powers with which such officers are clothed so long as they remain in office; neither do we perceive, that a succession in a corporation composed of municipal officers would be more likely to fail, than in one which possessed the power of filling its own vacancies by election.

The next objection is, that the plaintiffs can maintain no action upon the note in their own names, it not being payable to them and not indorsed to them; and that the evidence is vari-

Trustees of Ministerial and School fund in Levant v. Parks & al.

ant from the declaration. As the evidence offered is no part of the record we have no means of ascertaining whether it did or did not support the declaration, other than it was admitted and went to the jury without objection on the part of the defendants. If it was variant, or inadmissible for any other cause, the proper course for the party objecting was to except to its admission ; it cannot be the foundation of a motion in arrest of judgment.

Does the declaration set out a legal cause of action, for unless it appear from the declaration that the plaintiffs' title to their action is defective, the judgment cannot be arrested. It is alleged, that one *Clement Bunker*, by his note, &c. promised to pay *George Waugh*, Treasurer of the Ministerial and School fund in *Levant*, or his successor in office, &c. and the plaintiffs aver that the said promise was made to said *Waugh*, as their agent, and for their use and benefit, and that the defendants guaranteed the payment according to the tenor thereof, had notice, and promised to pay them the same sum on demand. The jury, having returned a verdict for the plaintiffs, have found all the material allegations and averments to be true. They have found that the promise was made to the Treasurer as the agent of the Trustees and for their use and benefit, and that the defendants guaranteed the payment and promised to pay the same to the Trustees on demand. But it is contended, that the action should have been brought in the name of *Waugh*. We do not say that it might not have been so brought, though the case of *Irish v. Webster*, 5 *Greenl.* 171, as well as some other cases, seem to render it doubtful ; — as where certain members of a turnpike corporation agreed in writing to pay to the agent of the corporation, or order, all assessments made by the corporation on their shares, it was held by the Supreme Court of *Massachusetts*, that no action could be maintained upon this undertaking in the name of the agent, but that it must be brought in the name of the corporation. *Worcester Turnpike v. Willard*, 5 *Mass.* 80 ; *Gilmore v. Pope, ibid.* 491 ; *Taunton and South Boston Turnpike v. Whiting*, 10 *Mass.* 336. *Waugh* had no interest in the contract. The entire consideration that passed was between the Trustees and

the defendants or those for whom they undertook as guarantors. *Waugh* was the agent or mere instrument of the Trustees, acting in their behalf, and in a business in which they were exclusively interested. Wherever a promise is made *by* an agent it is considered in law as made by the principal, and he is holden for its performance; and it is difficult to perceive why the same doctrine does not apply and govern in cases where a promise is made *to* an agent. When the agency is fully known to the promiser and he well understands that the agent has no personal interest in the subject matter of the contract, and the promise is to him as agent only, we do not perceive any good reason why the principal may not declare specially as on a promise made to himself. A promise made to A. for the benefit of B. may be sued by either A. or B. *Com. Dig. action, &c. upon assumpsit, E.*

In general, a mere servant or agent, with whom a contract is made on behalf of another, cannot support an action thereon; and therefore where A. agreed in writing to pay the rent of certain tolls, which he had hired, to the treasurer of certain commissioners, it was decided that no action for the rent could be supported in the name of the treasurer. *3 Bos. & Pul.* 147 ; 1 *H. Bl.* 84.

The plaintiffs allege that the promise in this case was made to *Waugh*, the Treasurer, as their agent, and for their use and benefit, and we see no objection to maintaining the action in the name of the Trustees.

The motion in arrest of judgment is therefore overruled.