Inhabitants of Williamsburg *v.* Lord.

————————◆————————

INHABITANTS OF WILLIAMSBURG *versus* DANIEL LORD.

Where land is claimed by *forfeiture* for non-payment of taxes under the Act of 1844, the tenant is not precluded from contesting the legality of the assessment and the subsequent proceedings to enforce the same, although he has not paid or tendered the amount of tax, &c., as provided by c. 6, § 145 of R. S. of 1857, which relates to *sales* of land, and not to forfeitures.

By law, the board of assessors cannot consist of less than three persons, who shall be qualified by taking the oath prescribed; and where it does not appear that more than two were thus qualified and acted, the tax assessed by them is illegal.

REPORTED from *Nisi Prius*, CUTTING, J., presiding.

WRIT OF ENTRY to recover possession of certain lots of land in Williamsburg, which demandants claim have been forfeited for non-payment of taxes.

Several questions which arose from the evidence as reported were argued. The facts bearing upon the points determined sufficiently appear from the opinion of the Court.

*Everett*, for the demandants.

*J. A. Peters*, for the tenant.

The opinion of the Court was drawn up by

CUTTING, J. — This is a real action to recover possession of certain lots of land claimed to have been forfeited for the non-payment of taxes assessed in 1854.

The demandants, in order to prevail, must show a strict compliance with the law both in the assessment and subse-

quent proceedings of their collector and treasurer, unless the tenant is precluded from offering any defence by force of R. S. of 1857, c. 6, § 145, which provides that—"no person shall be entitled to commence, maintain or defend any action or suit in law or equity, on any ground involving the validity of any *such sale*, until the amount of all taxes, charges and interest, as aforesaid, shall have been paid or tendered by the party contesting the validity of *the sale*, or by some person under whom he claims."

That portion of the section, thus quoted, refers to *the sales* of the collector under that chapter, and has no relation to the Act of 1844, under which the demandants claim title to the demanded premises by a forfeiture and not by a *sale*. The tenant, therefore, may require proof of the legality of the assessment, and of all legal proceedings in its enforcement. The demandants cannot invoke even the sixteenth section of the Act of 1844, which provides that—"in any trial at law or in equity, involving the validity of any *sale* of real estate for non-payment of taxes, it shall be sufficient for the party claiming under it to produce in evidence the *collector's deed*, duly executed and recorded," &c. In this case, no collector's deed has or could be offered, so that the heretofore controverted point, as to the least *quantum* of evidence necessary to establish a tax title under recent legislation, does not arise. The defence may therefore be sustained on principles of law, as enunciated in *Brown* v. *Veazie*, 25 Maine, 359, and *Alvord* v. *Collin*, 20 Pick., 418.

The law requires that at the annual town meetings, held in the month of March or April, the qualified voters in each town shall choose by a major vote, among other town officers, three or more assessors who shall be duly qualified by taking the oath required by law. A neglect to take the oath has been held to be a non-acceptance of the office, and at a subsequent meeting the town may fill the vacancy.

It appears that at the annual meeting in 1854, the town chose *John A. Dunning*, *Adams H. Merrill* and *John H. Clifford*, selectmen and assessors. But it does not appear

that *Merrill* was ever sworn or acted as one of the assessors. The town for that year had only two assessors, one less than the law required. The two who professed to act were not the majority of *the* three, because there never were three chosen and qualified. Two assessors are not authorized to assess a tax when they only have been qualified.

There are other fatal defects in the proceedings which it becomes unnecessary further to notice.

*Demandants nonsuit.*

APPLETON, C. J., DAVIS, KENT, DICKERSON and BARROWS, JJ., concurred.