INHABITANTS OF MONMOUTH *vs.* INHABITANTS OF LEEDS.

Kennebec.    Opinion February 20, 1884.

*Towns. Disputed lines. R. S., c. 3, § 43.*

In a process for settling disputed lines between towns, the acceptance of the report of the commissioners, by the court, is not required by the statute and adds nothing to its force. It is still necessary to look to the report to ascertain whether the alleged controversy is ended by such proceedings. If ended in conformity with the provisions of the statute a new petition for the same purpose cannot be sustained. If otherwise, a new petition may be sustained without any reversal of the prior proceedings.

R. S., c. 3, § 43, requires three persons to be appointed commissioners. This provision is peremptory, and as it relates to a public matter the immediate parties to the process, or either of them, cannot waive it. The commissioners must ascertain and determine the line under oath, and their report must show that all the statute requirements were complied with.

ON EXCEPTIONS.

Petition for the appointment of commissioners to ascertain and determine the line between the towns of Monmouth and Leeds. The facts are sufficiently stated in the opinion.

*Potter and Moody*, for the petitioners, cited : *Outhwite* v. *Porter*, 13 Mich. 533 ; *Goudy* v. *Hall*, 30 Ill. 109 ; *Wort* v. *Finley*, 8 Blackf. (Ind.) 335 ; *Webster* v. *Reid*, 11 How. (U. S.) 437 ; 6 Wait's Actions and Defences, 805, 806 ; Freeman, Judgments, § 117 ; *James* v. *Smith*, 2 S. C. 183 ; *Morris* v. *Halbert*,

36 Tex. 19 ; *Pen. R. R. Co.* v. *Weeks*, 52 Maine, 456 ; *Ware* v. *Hunnewell*, 20 Maine, 291 ; *Hathaway* v. *Persons unknown*, 32 Maine, 136.

*F. M. Drew*, for the respondents, contended that the action of the court in the former cases on petition of *Leeds* v. *Monmouth* and of *Monmouth* v. *Leeds*, before this court in Androscoggin county, was binding upon the parties here ; because it is a well settled principle of law that where a matter has been once determined by judgment or decree of a court of competent jurisdiction between the same parties or their privies it is binding until reversed by proceedings instituted for that purpose, citing the *Duchess of Kingston case*, 20 Howell's St. Tr. 538 ; *Sawyer* v. *Woodbury*, 7 Gray, 499 ; *Walker* v. *Chase*, 53 Maine, 258.

The petitioners have had their day in court. If aggrieved at the judgment of the court dismissing their former petition, in Androscoggin county, they should have alleged exceptions. Having once chosen a legal venue they ought not to be allowed to select a new one for no better reason than that they hoped for a better result.

The record shows that in the former case but two commissioners were appointed "by agreement between the selectmen" of the two towns. Where both parties to a cause, for the purpose of saving expense, agree upon the number and the members of a commission, surely there can be no legal objection to the constitution of the commission.

Counsel further ably argued other questions presented by the case.

DANFORTH, J. A petition for the appointment of commissioners to ascertain and determine the line between the towns of Monmouth and Leeds alleged to be in dispute. The defence is that all controversy has been ended by a similar process brought to a conclusion in this court in the county of Androscoggin. The presiding justice "ruled, *pro forma*, that the former proceedings are valid until quashed or reversed by some proceeding in court, and upon this ground only refuses the petition." This ruling having been excepted to, presents the question before the court.

A portion of the former proceedings, as in all cases of this kind, were in court, but the most important were before the commissioners. There is no occasion to reverse them, nor is there any process known to the law by which they can be reversed. This is a statute process, and if the proceedings are in accordance with the statute provisions they are final and conclusive, and the controversy is ended. But if otherwise they are a nullity and the dispute still exists. The duty and authority of the court end with the appointment of the commissioners. The commissioners so appointed " after being sworn to the faithful discharge of their duty and after giving notice to all persons interested of the time and place of their meeting and the purpose thereof, ascertain and determine the lines in dispute . . and make duplicate returns of their doings," one to the court and one to the office of the secretary of state. This report if in accordance with the law is the final action. It neither requires, nor does the statute authorize an acceptance by the court. It may undoubtedly be recommitted or perhaps the commissioners be discharged for sufficient reasons, but its acceptance adds nothing to its force. It could not reach the copy filed in the office of the secretary of state, which is an original report equally with that returned to court. Hence there is no judgment of the court upon its validity, but the line ascertained and determined by the report itself, is by express provision of the statute, to be "deemed in every court of law and for every purpose the true dividing line between such towns." R. S., c. 3, § 43. These principles are the necessary result of the provisions of the statute and were considered and so settled in *Lisbon* v. *Bowdoin*, 53 Maine, 324.

It is true that by the records of the court in Androscoggin county, in the case, it appears that a subsequent petition was put in alleging that the report in the former case was irregular and unauthorized and asking that the case " be reopened and the commissioners instructed to review the line, or that new commissioners be appointed for that purpose." Whether the court had the authority to comply with this request, it is not necessary now to enquire. This petition is not referred to in the exceptions and the ruling of the court does not appear to have been

affected by it, nor is it shown how it could have influenced the ruling. True, the petition was dismissed and it is now claimed that the dismissal is in effect a judgment of the court that the former proceedings were valid. What the effect would have been if that issue had been distinctly presented and the dismissal ordered upon that ground, we have no occasion now to decide. The dismissal was general; no issue appears to have been formed, nor does it appear upon what ground the dismissal was made. If it had been grounded upon the fact that the controversy had been ended by a valid and sufficient return of the necessary number of commissioners, it might have been fatal to the proceeding now before us. That would have been a judgment of the court that the controversy had been ended and without a controversy in the legal sense no petition can be sustained. But the effect of the order of the court as it appears in the record produced, is only that of a nonsuit which does not appear to have been ordered upon the merits of the case.

It necessarily follows that the only question presented here is whether the former proceedings of the court and commissioners show that the controversy alleged in the present petition has been ended; for the existence of a controversy is the ground and only ground, upon which the petition can be sustained; whether by the proper proceedings the line in question has been ascertained and determined as contemplated by the statute, or otherwise,—*Lisbon* v. *Bowdoin*, *supra*.

The report of the commissioners is signed by two persons and it appears that but two were appointed. The statute requires three. The provision is, the "court may appoint three commissioners." This is clearly a case where the intention of the legislature can be accomplished only by the use of "may" in the sense of "shall." It is a duty imposed upon the court, one which the parties have a right to have performed upon proof of the necessary allegations. It relates, also, to a matter in which third persons and the public have an interest, and while it contemplates that commissioners are to be appointed, it provides for three and not for any less number. "The word 'may' in a statute is to be construed 'must' or 'shall' when the public inter-

est or rights are concerned, or third persons have a claim *de jure* that the power shall be exercised." *Low* v. *Dunham*, 61 Maine, 569. Nor can the towns waive this duty for they are not alone interested. Town lines are public matters to be fixed by the legislature alone, either directly or in that way which it provides. In this respect the towns through their selectmen act as trustees, not for their own inhabitants only, but for the public as well. It may be that if three had been appointed and acted, the report of the majority might have been sufficient. But to accomplish this, the required number must first have been appointed. *Williamsburg* v. *Lord*, 51 Maine, 599.

The law and the commission require that the commissioners "after being sworn to the faithful discharge of their duties, and after giving due notice to all parties interested of the time and place of their meeting and the purpose thereof," shall "ascertain and determine the lines in dispute and describe the same," &c. The report shows that the line was run under an agreement by the selectmen before the commission was issued, and so far as appears while they were not under oath, and it fails to show that any thing was done after the commission issued to ascertain the line or that any notice was given of the time, place and purpose of their meeting, but shows only that they "determined" the line under oath and described it, whether in conformity with the previous running or otherwise does not appear. It is said in the argument, and no doubt correctly, that the selectmen of Monmouth had notice and were present at the running before the commission issued, but an amendment of the report in this respect would avail nothing; all that was done before the commission issued and the proper oath administered, is a mere nullity. There is no authority for any such proceedings. All that is shown to have been done under the commission, is that the line was "determined" by the commissioners on oath, while the law requires that every thing required to "ascertain" as well as determine the line shall be done under the commission and shall so appear in the report. *Lisbon* v. *Bowdoin*, *supra*.

As this report fails in these several particulars it does not appear that the controversy has been ended, and therefore the

former proceedings present no obstacle to the receiving and acting upon the present petition.

*Exceptions sustained.*

PETERS, C. J., BARROWS, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.