INHABITANTS OF MACHIASPORT *vs.* SAMUEL SMALL and others.

Washington.  Opinion February 11, 1885.

*Debt on bond.  Burden of proof.  Pleading.  Practice.  Tax.*

In debt upon a collector's bond, before the defendant is put to proof of a plea of performance, the plaintiff must show, either that the collector has been clothed with legal authority to collect taxes, or that he actually did collect them.

When such authority is shown, or the collector has been proved to have collected taxes, the burden under such plea rests upon the defendants to prove that the collector has performed the condition of his bond, by having faithfully performed all the duties of his office, or by having legally disposed of the taxes which he is shown to have collected.

In such action, on such issue, if the defendant fails to support the plea, the penalty of the bond is forfeit, and judgment should be entered therefor.

After judgment for the penalty of a bond of defeasance, on motion of the defendant, the penalty thereof may be chancered as the equitable rights of the parties may require, and execution should issue for the sum fixed by the court.

To reach this result the court may send the cause to an auditor to hear the parties and report the facts to the court.

When the penalty of a bond of defeasance is sued for, and breaches are not assigned in the declaration, the defendant may have oyer of the bond, and if it have a condition, the court on motion will order the plaintiff to assign the breaches upon which he relies, and the defendant may interpose his defense by way of brief statement under the general issue.

Two assessors are not authorized to assess a tax when a third assessor has not been qualified.

An assessor's warrant failing to show what year's state tax was included in the assessment, and the precise date of the town meeting at which the town tax was voted, and when the collector should account to the state and

county treasurers respectively for the state and county taxes, and authorizing a distress immediately, without waiting twelve days, and not authorizing the arrest of a tax-payer if he is possessed of "tools, implements, and articles of furniture which are by law exempt from attachment for debt," is invalid.

ON REPORT.

Debt upon a tax collector's bond.
The facts are stated in the opinion.

*John C. Talbot,* for the plaintiffs.

*McNichol and Sargent,* for the defendants.

HASKELL, J.    Debt upon the bond of a collector of taxes for the town of Machiasport, conditioned for the faithful performance of his duty for the year 1876.

The plea was *non est factum* with a brief statement of performance.

The plaintiffs read in evidence the bond, the record of the assessment of the tax for the year 1876, the commitment of the same to the collector and the warrant to him for the collection of the tax.    It was admitted that defendant Small was collector of taxes for the plaintiffs for that year.    There was no other evidence showing a breach of the bond.    The case comes forward on report.

Had the taxes been legally assessed, and the commitment and warrant been in legal form, the collector would have been chargeable under his bond for the taxes so committed to him for collection, *Inh'b'ts of Trescott* v. *Moan,* 50 Maine, 347, and the plaintiffs would have made out a *prima facie* case.    The burden would then have rested upon the collector to substantiate his plea of performance by showing a faithful discharge of the duties of his office. This he is not required to do, until the plaintiffs have shown him legally bound to perform those duties.    The law did not require him to execute a precept that could afford him no protection, nor to collect a tax illegally assessed.    Until he is shown to be legally bound to perform official duty, he is not called upon to justify its performance.    Under a plea of performance to a suit upon an official bond, the defendant is not required to justify, until he is

shown to be legally bound to perform faithfully some particular duty, or to be chargeable with some particular property. In this case, the defendant Small is not chargeable with the collection of any tax, until he is shown legally bound to collect it, that is, until he has been provided with a sufficient precept, giving him lawful authority so to do.

Much confusion has arisen as to when proof is required to support a plea of performance to a suit upon a bond. This is largely due to the relaxation of the common law rules and methods of pleading. When a special plea of performance is interposed in such cases, the plaintiff is required to make replication assigning the breach relied upon, and if the bond is for the performance of covenants and agreements, several breaches may be assigned, and the jury must assess the damages, when on issue framed to them, they find the condition broken. R. S., c. 82, § § 20, 32.

After replication the defendant must either demur or rejoin; and if the rejoinder is a traverse, then on issue taken the burden rests upon the plaintiff to prove the breaches assigned, and if the bond be one for the performance of covenants and agreements, to prove the damages. *Philbrook* v. *Burgess*, 52 Maine, 271; *McGrogory* v. *Prescott*, 5 Cush. 67; see *Bailey* v. *Rogers*, 1 Maine, 186; but if the rejoinder is an affirmative plea supporting a plea of performance the burden rests upon the defendant to maintain the truth of his plea, unless the bond is conditioned for the performance of covenants and agreements, when the burden rests upon the plaintiff to prove both the breach of it and his damages. *Philbrook* v. *Burgess*, *supra*, and cases cited.

So when performance is pleaded by brief statement to a suit upon a bond, if it be conditioned for the performance of covenants and agreements, the burden rests upon the plaintiff to prove its breach and the damages; but if the bond is simply a bond of defeasance, then the burden is upon the defendant to prove performance as alleged in his brief statement, and the issue is, for the jury to find, whether the condition has been broken, and if they find that it has, then judgment goes for the penalty of the bond, and on motion that the penalty be chancered as the equita-

ble rights of the parties may require, the court, with the aid of necessary auditing officers, fixes the amount for which execution should issue.

The bond in this case is of the latter class. It is conditioned to be void upon the faithful performance of official duty. If it is suggested that no further proof is required under the rule above stated than for the plaintiffs to read in evidence their bond, a sufficient reply is, that the bond when so put in evidence shows an official duty upon the performance of which the bond is to be void. The law does not cast that duty upon the collector until the plaintiffs show him legally chargeable therewith. That is, until a condition of things appears upon which the bond becomes effective, the defendant has no performance required of him. So, if the plaintiffs are unable to charge the defendant Small with a legal duty to perform, for want of a legal tax, a legal commitment, or a legal warrant to collect the tax, they must prove that he actually received taxes, that is money, touching which the bond can operate, and then he is put to proof of his plea of performance. If he fails upon the issue, the penalty of the bond is forfeit, and the court will award execution for the actual damages sustained. *Philbrook* v. *Burgess, supra; Clifford* v. *Kimball*, 39 Maine, 413. The same burden would rest upon the plaintiffs if the issue had been reached after a special plea of performance, for in that method of procedure, after plea of " *omnia performavit* " the plaintiffs would reply, either a legal tax, a legal commitment and a sufficient warrant, or that the collector received certain monies in the discharge of his office for which he had not accounted; and then, if the defendants denied either the sufficiency of the tax, or of the commitment, or of the warrant, or that any such documents existed, or that the collector received the monies specified, it would be a negative plea, either raising an issue of law, or fact, which the plaintiffs must sustain and prove; but if the defendants confessed these issues, and rejoined that the collector had performed his duty under his warrant, or had accounted for the monies with which the plaintiffs had charged him, then they would have tendered an affirmative plea, and if the plaintiffs took issue thereon, the burden would rest upon the defend-

ants to prove performance. So in suit upon a bond of defeasance, where the penalty is sued for, if breaches are not assigned in the declaration, the defendant may have oyer of the bond and an order from the court that the plaintiff specify the breaches upon which he relies, and then the defendant by way of brief statement can state his defense, showing how many of the affirmative facts alleged by the plaintiff he denies, and how far he takes upon himself the burden of proving his own performance of the conditions of his bond. This latter method is one that has been adopted in some of the important causes of this nature recently tried in this state.

The assessment, commitment and warrant, in this case appear to be signed by only two assessors. It does not appear that the plaintiffs elected, or had another assessor duly qualified to act during the year 1876. "Two assessors are not authorized to assess a tax when they alone have been qualified." *Inhabitants of Williamsburg* v. *Lord*, 51 Maine, 599. Nor can they issue a warrant, *Sanfason* v. *Martin*, 55 Maine, 110. The warrant fails to show what year's State tax was included in the assessment; also, the precise date of the town meeting at which the town tax was voted; also, when the collector should account to the State and county treasurers for the State and county taxes respectively. It authorizes the arrest of tax-payers for want of property whereon to make distress immediately, without waiting twelve days as required by statute. Nor does it authorize the arrest of any tax-payer if he is possessed of "tools, implements and articles of furniture, which are by law exempt from attachment for debt." It is so unsound, that a discussion of its merits would be idle. *Inhabitants of Orneville* v. *Pearson et als.* 61 Maine, 552; *Pearson* v. *Canney*, 64 Maine, 188; *Ink'b'ts of Harpswell* v. *Orr*, 69 Maine, 333.

The plaintiffs have failed to make out a *prima facie* case from the insufficient authority with which they clothed their collector to perform his duty, and he is chargeable under his bond, only for the taxes which he has actually received, and for which he has failed to account.

The agreement of the parties does not stipulate what disposition shall be made of the case under the conclusions of this opinion, therefore to afford complete justice to both parties it is ordered, that

*The action stand for trial.*

PETERS, C. J., DANFORTH, VIRGIN, EMERY and FOSTER, JJ., concurred.