NELLIE O'CONNELL vs. CITY OF CAMBRIDGE.

Middlesex.    November 15, 1926. — January 7, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Way*, Public: defect. *Notice. Municipal Corporations*, Officers and agents. *Words*, "May."

In the provisions of G. L. c. 84, § 19, that the notice required by §18 "may be given, in the case of a county, to one of the county commissioners or the county treasurer; in the case of a city, to the mayor, the city clerk or treasurer; in the case of a town, to one of the selectmen or to the town clerk or treasurer," the word "may" should be interpreted as meaning "shall" or "must" and such a notice given to the city solicitor of a city is not sufficient to support an action under § 15 of the statute.

TORT under G. L. c. 84, § 15, for personal injuries alleged to have been caused by a defect in Mt. Auburn Street in Cambridge.    Writ dated April 18, 1924.

In the Superior Court, the action was tried before *Keating*, J., who ruled that sufficient notice under G. L. c. 84, §§ 18, 19, had been given.    There was a verdict for the plaintiff in the sum of $4,000.    The defendant alleged exceptions.

*P. J. Nelligan*, City Solicitor, (*J. E. Nally* with him,) for the defendant.

*J. M. Raymond*, for the plaintiff.

BRALEY, J.    G. L. c. 84, §§ 18 and 19, provide that a person injured by a defect in the highway "shall, within ten days thereafter, if such defect or want of repair is caused by or consists in part of snow or ice, or both, and in all other cases, within thirty days thereafter, give to the county, city, town or person by law obliged to keep said way in repair, notice of the time, place and cause of the said injury or damage; and if the said county, city, town or person does not pay the amount thereof, he may recover the same in an action of tort if brought within two years after the date of such injury or damage. . . ."    "Such notice shall be in writ-

ing, signed by the person injured or by some one in his behalf, and may be given, in the case of a county, to one of the county commissioners or the county treasurer; in the case of a city, to the mayor, the city clerk or treasurer; in the case of a town, to one of the selectmen or to the town clerk or treasurer. . . . "

The giving of notice is made a precedent condition as the right of action is conferred by statute. *Nash* v. *South Hadley,* 145 Mass. 105, 107. *Dalton* v. *Salem,* 139 Mass. 91, 92. The plaintiff, having been injured by an alleged defect in a highway of the city, seasonably sent a notice to the city solicitor which in form was in conformity with the statute. The question for decision is, whether the service was in compliance with the requirements of the statute. It is contended by the plaintiff that, while notice to either the mayor, the city clerk, or the treasurer is sufficient, yet, the wording of § 19 being permissive, service upon the city solicitor, although he is not within the class designated, is sufficient. If this interpretation is adopted, it seems to follow that the person injured may at his own option select any municipal officer, including heads of the various departments comprising the form of government under the city charter.

The requirement of a notice after the accident first appears in St. 1877, c. 234, § 3, and by § 4 in the case of a city it may be given to "the mayor, the city clerk, or treasurer, or to any police officer." The words "or to any police officer" are omitted in subsequent statutes; Pub. Sts. c. 52, § 21; R. L. c. 51, § 21; G. L. c. 84, § 19, and, whether service on the mayor, the city clerk, or the treasurer is the exclusive mode, although referred to, was left undecided in *Wormwood* v. *Waltham,* 144 Mass. 184. The subjection of the city to the payment of damages if the plaintiff prevails, the money for which must be raised by taxation, is undoubtedly a matter of public interest, and a duty is imposed upon the officers named to take suitable action for the protection of the public, whose rights are dependent on the performance of such duty. The general purpose of § 19, when read with the context of § 18, and the amendment to St. 1877, c. 234, manifests the

general purpose and intent of the Legislature to impose an unqualified duty on the officers named, and not to clothe the injured party with discretionary power to select some other city officer to whom notice may be given. The legislative policy would be defeated if the word "may" denoted permission or discretion. It is therefore to be considered as the equivalent of "shall" or "must." *Worcester* v. *Schlesinger,* 16 Gray, 166, 168. *Phillips* v. *Fadden,* 125 Mass. 198, 201. *Attleboro Trust Company* v. *Commissioner of Corporations & Taxation,* 257 Mass. 43. *Brokaw* v. *Commissioners of Highways,* 130 Ill. 482. *Monmouth* v. *Leeds,* 76 Maine 28, 31. *Seiple* v. *Borough of Elizabeth,* 3 Dutch. 407. *People* v. *Syracuse,* 59 Hun, 258, affirmed in 128 N. Y. 632. *Supervisors* v. *United States,* 4 Wall. 435.

The motion for a directed verdict should have been granted, and, in accordance with the terms of the report, judgment is to be entered for the defendant.

*So ordered.*