2007 ME 55

**John M. STEVENSON et al.**

v.

**TOWN OF KENNEBUNK.**

Supreme Judicial Court of Maine.

Argued: Sept. 20, 2006.
Decided: April 26, 2007.
Order Denying Reconsideration
Sept. 20, 2007.

Michael S. Wilson (orally), Pierce Atwood, LLP, Portland, Paul W. Cadigan, Kennebunk, for plaintiffs.

Sally J. Daggett (orally), Jensen Baird Gardner & Henry, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.*

Majority: SAUFLEY, C.J., and CALKINS, LEVY, and SILVER, JJ.

Concurrence: CLIFFORD and ALEXANDER, JJ.

* Justice Howard H. Dana Jr. sat at oral argument and participated in the initial conference but retired before this opinion was certified.

**SAUFLEY, C.J.**

[¶ 1] John M. and Roxanna H. Stevenson appeal from a judgment of the Superior Court (York County, *Brennan, J.*) affirming the decision of two members of the Kennebunk Board of Assessment Review denying, by a tie vote, the Stevensons' request for an abatement of their 2003 property taxes. Because a Board member had resigned, leaving an unfilled vacancy, the Board consisted of only two of the three legally required members at the time of its decision. We hold that the Board was not legally constituted to conduct business and, therefore, that its members lacked authority to rule on the abatement. Accordingly, we vacate the judgment.

## I. BACKGROUND

[¶ 2] The Stevensons own a parcel of oceanfront property in Kennebunk. In 2003, the Town assessor performed a town-wide assessment using a multi-variable formula that valued oceanfront property located on Lord's Point Road in Kennebunk at double that of other equivalent oceanfront property. The assessor considered the Stevensons' property to be located on Lord's Point Road and valued it at $1,463,100. The Stevensons appealed from this valuation to the Kennebunk Board of Assessment Review, asserting in part that the Town assessor had erred in concluding that the Stevenson property was located on Lord's Point Road.

[¶ 3] The hearing by the Board of Assessment Review was scheduled for February of 2005. At some point before the hearing, one of the three members of the Board resigned. The Stevensons then requested a continuance until a new member could be appointed. The two remaining board members denied the Stevensons' request for a continuance.

[¶ 4] The two board members held meetings on the Stevensons' abatement request in March of 2005. They split one-to-one on the Stevensons' argument that the property was not located on Lord's Point Road. As a result, the request for abatement was denied. The Stevensons appealed to the Superior Court, pursuant to 36 M.R.S. § 843 (2006) and M.R. Civ. P. 80B. The Superior Court affirmed the decision, finding that the Stevensons had failed to meet their burden to show that the decision was in error. The Stevensons then filed this appeal, arguing that the decision was not supported by substantial evidence and that the valuation of the property resulted in unjust discrimination. At our invitation, the parties filed supplemental briefs addressing whether the Board could legally act when it consisted of only two of the three required members.

## II. DISCUSSION

■ [¶ 5] The specific question before us is whether, given the language of Kennebunk's town charter, the two remaining members of the Board had the authority to act during the period between the resignation of the other member and the appointment of that member's replacement.[1]

[¶ 6] We begin with the Town's statutory authorization to create a board of assessment review. "Unless otherwise provided by charter," a municipality's board of assessment review must consist of at least three members and two alternates. 30–A M.R.S. § 2526(6)(B) (2006). The statute is silent as to the composition of a board of assessment review when it is created by charter.

■ [¶ 7] The Town of Kennebunk has chosen to create a town charter, and

through its charter, has created the Kennebunk Board of Assessment Review, which is composed of three members *with no alternates.* Kennebunk, Me., Charter art. III, § 3.06(2)(a) (Nov. 6, 1984). The town charter provides no authority for the Board to exist with fewer than three members. Accordingly, in the event of a vacancy, the charter requires that the Board of Selectmen appoint a new member to fill the vacancy within sixty days. Kennebunk, Me., Charter art. III, § 3.11(5) (Nov. 6, 1984). In conformance with the town charter, the Board's rules of procedure state that "[t]he Board *shall* consist of three members." Kennebunk, Me., Kennebunk Board of Assessment Review Rules of Procedures, Organization of Board ¶ 1 (Jan. 24, 2006) (emphasis added). Thus, the three-member requirement for Kennebunk's Board of Assessment Review is mandatory, and this requirement is consistent with state law, the town charter, and the Board's own rules of procedure.

■ [¶ 8] Because the appointment of all three members was necessary for a functioning Board of Assessment Review to be constituted, the vacancy temporarily interrupted the Board's ability to act on the Stevensons' appeal. Where an administrative body is required by statute to have three members, but consists of only two, it lacks authority to act, and its actions are a nullity. *See Inhabitants of Machiasport v. Small,* 77 Me. 109, 113 (1885); *Inhabitants of Monmouth v. Inhabitants of Leeds,* 76 Me. 28, 31–32 (1884); *Inhabitants of Williamsburg v. Lord,* 51 Me. 599, 600–01 (1863); *see also Kovack v. Licensing Bd., City of Waterville,* 157 Me. 411, 422, 173 A.2d 554, 560 (1961) (stating that the judgments of agen-

---

1. "[An agency] cannot clothe itself with a jurisdiction it does not possess, nor can the parties confer upon it such jurisdiction either by waiver, consent or express stipulation."

*Girouard's Case,* 145 Me. 62, 65, 71 A.2d 682, 683 (1950); *see also Valente v. Bd. of Envtl. Prot.,* 461 A.2d 716, 718 (Me.1983).

cies acting without authority are legal nullities).

[¶ 9] Although we acknowledge the concern that this holding could be seen to undermine municipal boards' ability to operate expeditiously, we are not persuaded that this concern is valid. There are several ways in which a board may be granted the legal authority to act despite a vacancy. First, this authority may be specifically granted by the Legislature. *See, e.g.,* 26 M.R.S. § 1081(3) (2006) ("[N]o vacancy may impair the right of the remaining members to exercise all of the powers of the [Unemployment Insurance Commission].").  Second, this authority may be granted by town charter or ordinance. *Cf.* 30–A M.R.S. § 2602(6)(B) (2006) (authorizing municipalities to adopt procedures by charter or ordinance regarding vacancies in municipal offices). Finally, a municipality may designate alternates to sit in the event of a vacancy, a method specifically approved by the Legislature at 30–A M.R.S. § 2526(6)(B), which states that a board of assessment review, "[u]nless otherwise provided by charter," consists of three members *and two alternates.*

[¶ 10] In this case, none of these options has been utilized.[2] Neither state statute nor the town charter authorizes the Board to act when a vacancy exists. The Town also does not, through its charter, designate alternates to sit if a vacancy arises on the Board. Rather, the Town recognizes the gap created by a vacancy by requiring in its charter that a vacancy be expedi-tiously filled, specifically within sixty days. Moreover, the limitation on the Board's authority to act in the event of a vacancy is evidenced by the Board's own procedural rules, which state in explicit and mandatory language that the Board "shall consist of three members" when it conducts business, and these rules do not provide for alternates. *See* Kennebunk, Me., Kennebunk Board of Assessment Review Rules of Procedures, Organization of the Board ¶ 1 (Jan. 24, 2006).

[¶ 11] Because the Board lacked the authority to function with fewer than three members and the charter does not provide for alternates who may step in to fill a vacancy, the Board does not legally exist when it has only two members, and the remaining members lack the authority to act. If we were to allow the Board to conduct business with less than its required three members, we would ignore state law, the mandatory language of the Town's charter, and the Board's own rules of procedure.

[¶ 12] When the Stevensons originally filed their request for abatement, the Board was comprised of its requisite three members. When one member of the Board resigned, the Stevensons properly requested a continuance. Because the Board had originally intended to hold a hearing but subsequently lacked authority to rule on the Stevensons' abatement request, the matter should have been continued until a third member could be appointed.[3] *Cf. Pelkey v. City of Presque Isle,* 577

---

2. Because no Board actually existed, there can be no question that the two remaining individuals did not have jurisdiction to undertake a review of the dispute at issue.  We have long held that an entity such as this Board "cannot clothe itself with a jurisdiction it does not possess, nor can the parties confer upon it such jurisdiction either by waiver, consent or express stipulation." *Girouard's Case,* 145 Me. at 65, 71 A.2d at 683.  The Board, here, was required to consist of three

members; a simple continuance for sixty days or less to allow the appointment of the third member would have resolved the jurisdictional deficit. *See* Kennebunk, Me., Charter art. III, § 3.11(5) (Nov. 6, 1984).

3. Only when the Board is properly constituted may it, pursuant to its rules, transact business with a quorum of "at least two members." Kennebunk, Me., Kennebunk Board of Assessment Review Rules of Procedures, Procedure

A.2d 341, 343 (Me.1990) (stating that procedural due process requires an opportunity to be heard by board members with legal authority to act). The members' decision to hold the hearing was in error, and the resulting decision on the Stevensons' appeal was a legal nullity. Therefore, we vacate the decision and do not reach the parties' other arguments on appeal.

The entry is:

Judgment vacated. Remanded to the Superior Court for remand to the Board of Assessment Review for further proceedings consistent with this opinion.

ALEXANDER, J., with whom CLIFFORD, J., joins, concurring.

[¶ 13] When a three-member municipal board is reduced to two members, and those members are in disagreement, the resulting tie vote is void and of no legal effect. Because the tie vote in the present case cannot result in a default denial of the relief requested, I concur in the result.

[¶ 14] I do not join the Court's opinion because the Court's holding that a small municipal board with one member missing cannot act for any purpose, is dictum that reaches beyond what must be addressed to resolve this case, and may confuse and disrupt the operation of many small municipal boards. *Cf. Pelkey v. Gen. Elec. Capital Assurance Co.*, 2002 ME 142, ¶¶ 12–13, 804 A.2d 385, 388 (indicating that language addressing issues beyond what is needed to justify the result is dictum).

[¶ 15] The Court's conclusion that, when one member of a three-member board resigns, the board cannot transact business as a board until the vacancy is filled, opines on a legal issue that needs the more thorough analysis that should only occur in

a case where the issue is squarely presented for decision.

[¶ 16] Conventional wisdom, supported by statute and precedent, suggests that so long as a quorum is present, boards and commissions may conduct official business by majority vote, despite vacancies. Thus, our statutory rules of construction, state that "[w]ords giving authority to 3 or more persons authorize a majority to act." 1 M.R.S. § 71(3) (2006). Section 71(3) supports the conclusion that two members of a three-member board, acting in agreement and constituting a majority, may properly conduct official board business. ROBERT'S RULES OF ORDER, the seminal text governing parliamentary procedure, states that a quorum "is a majority of all the members," and "the basic requirement for approval of an action ... is a majority vote ... at a regular or properly called meeting at which a quorum is present." HENRY M. ROBERT, ROBERT'S RULES OF ORDER REVISED § 39 at 340, § 43 at 395 (9th ed. 1990) (emphasis omitted).

[¶ 17] Significant and long-standing precedent also supports the capacity of small municipal boards to act by vote of a majority of its members so long as a quorum is present. *See Camps Newfound/Owatonna, Inc. v. Town of Harrison*, 604 A.2d 908 (Me.1992) (holding that the action of two of three county commissioners acting in appellate capacity to affirm tax assessors' grant of partial abatement was valid because majority of commissioners constituted quorum); *Levant v. Parks*, 10 Me. 441, 444 (1833) (involving a ministerial and school fund composed of municipal officers, stating "so long as there remain a sufficient number of members to constitute a quorum they will retain full corporate pow-

---

¶ 1 (Jan. 24, 2006); *see* 30–A M.R.S. §§ 2526(6)(G), 2691(3)(A) (2006). Thus, because the situation is not before us, we de-

cline to address the parties' arguments concerning the effect of a tie vote when one member of the Board is absent.

ers"); *see also Braddy v. Zych,* 702 S.W.2d 491, 493–94 (Mo.Ct.App.1985) (suggesting that despite vacancy on board of aldermen, majority vote of all possible members would be sufficient to enact ordinance); *Clark v. North Bay Village,* 54 So.2d 240, 241 (Fla.1951) (stating that a five-member board with two vacancies could conduct business with three-member quorum).

[¶ 18] There is some contrary precedent. In *Inhabitants of Williamsburg v. Lord,* where a statute required that three members be appointed to a tax assessment board, and only two were appointed, their action was held invalid because "there never were three chosen and qualified" and "[t]wo assessors are not authorized to assess a tax." 51 Me. 599, 601 (1863); *see Inhabitants of Machiasport v. Small,* 77 Me. 109, 113 (1885). Furthermore, in *Inhabitants of Monmouth v. Inhabitants of Leeds,* we held that, in order for an act of commissioners in deciding town lines to be valid, "the required number must first have been appointed." 76 Me. 28, 32 (1884). Because the statute mandated that there be three, we held that the action of the two who had been appointed was invalid. *Id.*

[¶ 19] In the present case, the Board's rules of procedure state that a majority of the Board may grant a reasonable abatement, and that "[a] quorum of the Board necessary to conduct an official Board meeting shall consist of at least two members." Kennebunk, Me., Kennebunk Board of Assessment Review Rules of Procedures, Procedure ¶ 1 (Jan. 24, 2006). Here there was no action by two members, only a tie vote by two members in disagreement. Thus, there is no need to address the issue of the authority of a majority of two to act when they are in agreement. The Court's holding that two members of the Board could not act, even if in agreement, may cause great confusion in municipalities that frequently have vacancies on small boards. We need not, and should not, reach that issue, as it is not generated by this case.