*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-309

JANUARY TERM, 2011

| | |
|---|---|
| In re Losier Variance Application | } APPEALED FROM: |
| | } |
| | } |
| | } Superior Court, |
| | } Environmental Division |
| | } |
| | } DOCKET NO. 79-4-08 Vtec |

Trial Judge: Thomas S. Durkin

In the above-entitled cause, the Clerk will enter:

Applicants John and Paulette Losier appeal the Environmental Court's summary judgment decision rejecting their application for a variance with respect to a garage they built on their property.  We affirm.

Sometime before December 2006, applicants submitted an application for a zoning permit to construct a residence and garage on their lakefront property in the Town of Maidstone.  The two-bedroom residence near the lakeshore was to sit in the same footprint as its predecessor and is not the subject of these proceedings.  According to drawings submitted along with the permit application, the detached garage would rise to a height of twenty-five feet above the building's foundation on a steep slope above the residence and away from the lake.  The garage would include a one-bedroom apartment on the upper floor.  The zoning administrator approved the application on December 22, 2006, with a specific reference to the twenty-six-foot height limitation under the zoning laws.

The garage was fully enclosed and nearly complete by July 2007.  As completed, the garage rises roughly twenty-five feet above its foundation, but because the property slopes downward as it approaches the lake, the foundation on the lakefront side of the garage is exposed and thus the peak of the garage's roof on that side rises nearly thirty-five feet above the ground.

On July 6, 2007, the zoning administrator served applicants with a notice of violation concerning the height requirement.  Applicants thereafter submitted to the town zoning board of adjustment a request for a variance.  On February 28, 2008, the three-member zoning board of adjustment conducted a public hearing on the request, but adjourned without reaching a decision.  Sometime after the February hearing and before the board rendered its decision, one member of the board resigned, leaving a two-member board to act on the variance request.  On March 6, 2008, the two remaining members of the board unanimously decided to deny the variance application.  Applicants appealed to the Environmental Court, arguing that their application satisfied the five criteria for allowing a variance and, in any event, the application should be deemed approved because the two-member board that rejected the application was improperly constituted and thus the board failed to render a valid decision on the application within the required time period.  See 24 V.S.A. § 4460(b) ("The board of adjustment for a rural town or an

urban municipality shall consist of not fewer than three nor more than nine persons."); 24 V.S.A. § 4464(b)(1) (stating that failure of municipal panel to issue a decision within statutory forty-five-day time period "shall be deemed approval and shall be effective on the 46th day"). The Environmental Court concluded that (1) although the board's variance decision was defective in that the board lacked the minimum number of members, the proper remedy is not deemed approval but rather de novo review on appeal to the Environmental Court; and (2) applicants failed to satisfy the variance criteria.

On appeal, applicants do not challenge the Environmental Court's ruling on the merits of their variance request, but reassert their argument that the board's decision was void because of a jurisdictional defect, thereby depriving the Environmental Court of its jurisdiction and triggering the deemed approval remedy. We disagree. This case is controlled by our decisions in In re Newton Enters., 167 Vt. 459 (1998), and the case it relied upon, In re Fish, 150 Vt. 462 (1988). In Newton, the Environmental Court held that a zoning permit application was deemed approved after four members of a seven-member zoning board, by a vote of three to one, decided to deny the permit. 167 Vt. at 461, 464. We reversed the Environmental Court, stating that "the result carries the deemed approval remedy well beyond its intended purpose." Id. at 464. We stated that "the vote that occurred, albeit defective, showed that Newton Enterprises could never obtain the requisite number of votes." Id. at 465. Relying on other recent decisions, we "cautioned against using the deemed approval remedy beyond its purpose 'to remedy [zoning board] indecision and protracted deliberations.' " Id. (quoting Fish, 150 Vt. at 464). We emphasized the need to "balance this purpose against the paramount obligation to protect the safety and general welfare of the public" and warned against "improper application of the deemed approval remedy" in a manner that "operate[s] to grant permits wholly at odds with the zoning ordinance." Newton, 167 Vt. at 465. In short, "we have strictly construed the [deemed approval] remedy to apply only when it clearly implements the statutory purpose," and we have explicitly rejected that remedy when it would produce "a perverse result unrelated to the statutory purpose," such as where granting of the permit would turn "a negative decision into a positive one with no finding that the landowner meets the requirements of the zoning ordinance." Id. Accordingly, we held that a board decision is considered rendered for purposes of the deemed approval remedy when the board "issues a written decision and the votes are sufficient that the outcome could not change by the involvement of other members of the board." Id. at 465-66.

Applicants would have us distinguish Newton based on the fact that the number of voting board members in this case was less than the statutorily mandated number. But this fact does not distinguish this case from Newton with respect to the basic principles set forth there. If we were to grant deemed approval here, we would not be applying the remedy for its statutory purpose to prevent indecision and protected deliberations; rather, we would be turning a negative decision into a positive one with no finding that applicants met the zoning requirements. For the reasons stated in Newton, we will not provide such a remedy.

In support of their position, applicants cite a decision in which the Supreme Judicial Court of Maine vacated a one-to-one administrative board decision that denied a request for a tax abatement—Stevenson v. Town of Kennebunk, 2007 ME 55, ¶ 1, 930 A.2d 1046. A three-member majority of the court broadly stated that "[w]here an administrative body is required by statute to have three members, but consists of only two, it lacks authority to act, and its actions are a nullity." Id. ¶ 8. The case was merely remanded to the board for further proceedings, however, and the two-member concurrence explicitly rejected the notion that two members of a three-member board could not conduct business following the resignation of one of its members. Id. ¶¶ 14-16 (Alexander, J., concurring) ("[S]o long as a quorum is present, boards and commissions may conduct official business by majority vote, despite vacancies."). As the

2

Environmental Court noted, other courts have taken the same position as the <u>Stevenson</u> concurrence. See <u>U.S. Vision, Inc. v. Bd. of Exam'rs for Opticians</u>, 545 A.2d 565, 569 (Conn.App. 1988) (holding that vacancy on statutorily mandated three-member administrative board created by resignation of one member did not deprive board of authority to discharge its statutory duties, which may continue unabated during vacancy); <u>Hawaii Elec. Light Co. v. Dep't of Land and Natural Res.</u>, 75 P.3d 160, 172 (Haw. 2003) ("[T]he total number of members on a board is not reduced by abstention, resignation+ or vacancy."). In any event, we need not resolve this issue, as our case law makes it plain that deemed approval is not the appropriate remedy in a situation such as this.

  <u>Affirmed</u>.

         BY THE COURT:


         _____
         Paul L. Reiber, Chief Justice


         _____
         Denise R. Johnson, Associate Justice


         _____
         Marilyn S. Skoglund, Associate Justice