## EDWARD DALTON *vs*. CITY OF SALEM.

Essex. November 2. — 23, 1881. MORTON & ALLEN, JJ., absent.

A notice to a city that a person has been injured at a certain place on a street, by "a defective construction or condition of the street, sidewalk and edgestones at the place above named," does not sufficiently designate the cause of the injury, within the St. of 1877, *c*. 234, § 3.

TORT for personal injuries occasioned to the plaintiff by a defect in a highway in the defendant city. Answer, a general denial. Trial in the Superior Court, before *Putnam*, J., who reported the case for the determination of this court, in substance as follows:

Evidence was introduced tending to show that the plaintiff was walking on Phelps Street, on the evening of July 30, 1879, and crossed Vale Street, which leads out of Phelps Street; that, as he was attempting to step up upon the sidewalk of Phelps Street, his foot entered a small crevice between two of the curbstones, and he slipped and fell, receiving the injuries complained of; that the top of the curbstone was from twelve to thirteen inches above the level of Phelps Street at the point where the plaintiff fell, and the crossing near the sidewalk was in a rough, uneven condition; and that there were edgestones only on one corner of Phelps and Vale Streets.

The defect, for which it was contended that the defendant was liable, was the alleged crevice between the curbstones, taken in connection with the rough condition of the street near the sidewalk, and the height of the edgestones above the street.

The plaintiff offered in evidence the following notice given by him to the defendant: "Salem, August 20, 1879. To the city of Salem. You are hereby notified that I have received severe injury by reason of a defect in a public highway in this city. The time of said injury was about nine o'clock P. M., the 30th day of July, A. D. 1879. The place was on the corner of Phelps Street and Vale Street in this city. The cause was a defective construction or condition of the street, sidewalk and edgestones at the place above named. Edward Dalton."

The defendant contended that the notice was insufficient under the statute. The judge so ruled; and ordered a verdict for the defendant.

If the ruling was correct, judgment was to be entered on the verdict; otherwise, a new trial was to be ordered.

*H. P. Moulton*, for the plaintiff.

*J. A. Gillis*, for the defendant.

DEVENS, J. It is not contended that the notice required before bringing the action was insufficient, except in its statement of the cause of the injury. This was alleged to be "a defective construction or condition of the street, sidewalk and edgestones at the place above named." It is not possible on behalf of the plaintiff to distinguish this case from *Noonan* v. *Lawrence*, 130 Mass. 161, where the notice which assigned as the cause of the injury "the defective and dangerous condition of the way, which the city negligently permitted to be out of repair," was held insufficient. Indeed, the allegation being here made in the alternative, without assigning any definite cause either in the construction or condition of the street, sidewalk and edgestone from which the injury occurred, only leaves it more uncertain to what cause the plaintiff intended to attribute it.                    *Judgment on the verdict.*