CATHERINE SHEA *vs.* CITY OF LOWELL.

Middlesex.    January 16. — 23, 1882.    LORD & FIELD, JJ., absent.

A notice to a city that a person has been injured on a certain street "in consequence of a defect in the highway," does not sufficiently designate the place or the cause of the injury, under the St. of 1877, *c.* 234, § 3; and since the St. of 1879, *c.* 244, in an action against the city, evidence is inadmissible that the city or its officers had oral information from the plaintiff, or from any other source, of the place and cause of the injury.

The sufficiency of a notice to a city, under the St. of 1877, *c.* 234, as amended by the St. of 1879, *c.* 244, that a person has been injured by a defect in a highway, is to be determined by the court.

The fact that the clerk of a city, upon whom a notice is served, under the St. of 1877, *c.* 234, § 4, that a person has been injured by a defect in a highway, does not object to the insufficiency of the notice, is not a waiver by the city of such insufficiency.

TORT for personal injuries occasioned to the plaintiff by a defect in a highway in the defendant city. Answer, a general denial. Trial in the Superior Court, before *Wilkinson*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff testified, that, on the evening of December 25, 1879, while passing along the sidewalk of Pawtucket Street, her foot slid into a cavity in the uneven snow and ice on the walk, and she received the injuries complained of; that she was carried to a hospital, where she was confined for four months; and that, while in the hospital, on December 31, 1879, a lawyer was sent to her by a friend, and, after she had communicated to him everything she knew relating to the time, place and cause of the accident, he wrote and signed as her attorney the following notice: " Lowell, December 31, 1879. To the clerk of the city of Lowell: You are hereby notified that Catherine

Shea on the 25th of December, current, while passing along Pawtucket Street, in the city of Lowell, fell down and broke her hip in consequence of a defect in the highway." This notice was served upon the city clerk.

It appearing from a plan put in by the defendant that Pawtucket Street was a mile long, the plaintiff offered to prove that Pawtucket Street as generally and commonly known was that part of said street which was thickly settled and travelled, and extended a distance of a quarter of a mile.

The plaintiff also offered to prove that, while she was in the hospital, she was called upon by a city officer who had charge of the matter of her injury, and who admitted to her that, from her written notice, he and the defendant had investigated the case and understood it; that, soon after the notice was given, said officer called upon a man who assisted the plaintiff home on the night of the accident, and the man pointed out to the officer the precise spot where the injury occurred. The judge ruled that the evidence was not admissible.

The plaintiff asked the judge to instruct the jury as follows: " 1. The written notice here introduced is *prima facie* admissible; and as to its sufficiency it may be adjudged by the jury according to the facts from and under which it was given and received, and from its surrounding circumstances. 2. On this point, it will be sufficient if the jury find that the law in this regard, upon the whole evidence, has been substantially and reasonably complied with. 3. In the absence of all inquiry or objection to the notice by the city clerk at the time it was served and a copy of it given back to the plaintiff's attorney. by him, it may justly be presumed that he, acting for the defendant, received the notice as being sufficiently specific, and, making no objection, waived a more extended specification. 4. Under the whole evidence, if the jury find that the defendant had no difficulty in finding with ' substantial and reasonable certainty' the place of the injury, or in finding or ascertaining the time, place and cause of the injury, the notice may be regarded by them as sufficient."

The judge refused to give the instructions requested; and ordered a verdict for the defendant, on the ground of the insufficiency of the notice. The plaintiff alleged exceptions.

*R. B. Caverly & J. L. Hunt,* for the plaintiff.

*G. F. Lawton,* for the defendant.

MORTON, C. J. Since the amendment of the St. of 1877, *c.* 234, § 4, by the St. of 1879, *c.* 244, it is necessary that a person injured by a defect in a highway should, as a condition precedent to his right to maintain an action against the city or town obliged by law to keep the highway in repair, give to the city or town notice in writing, signed by him or by some person duly authorized by him, of the time, place and cause of his injury or damage.

The written notice given by the plaintiff to the defendant in this case was not a compliance with the statute, because it did not sufficiently state either the place or the cause of the injury. St. 1877, *c.* 234, § 3. *Miles* v. *Lynn,* 130 Mass. 398. *Donnelly* v. *Fall River,* 130 Mass. 115. *Noonan* v. *Lawrence,* 130 Mass. 161.

It would violate the provisions and defeat the purposes of the statute if the plaintiff were permitted to supply the deficiencies of the written notice by proof that the city or its officers had oral information from her, or from any other source, of the time, place and cause of her injury, and the court rightly rejected the evidence offered by her for this purpose. The notice cannot be partly written and partly oral; it must be wholly in writing, and its sufficiency is to be determined by the court. The court therefore rightly refused to give the first, second, and fourth instructions requested by the plaintiff.

The notice was served upon the city clerk, and the plaintiff asked the court to rule " that, in the absence of all inquiry or objection to the notice by the city clerk at the time it was served and a copy of it given back to the plaintiff's attorney by him, it may justly be presumed that he, acting for the defendant, received the notice as being sufficiently specific, and, making no objection, waived a more extended specification."

The court could not rule, as matter of law, that the silence of the city clerk was a waiver by the city. He was not bound to make any reply when the notice was served upon him, and his silence would not be sufficient evidence of a waiver, even if he had any power to waive the rights of the city.

*Exceptions overruled.*

## MEMORANDUM.

ON the twenty-third day of January 1882, the Honorable CHARLES ALLEN was appointed a justice of this court, in place of Mr. Justice MORTON, appointed Chief Justice, and took his seat upon the bench on the twenty-fourth day of the same month, at the term of the court then held at Boston in the county of Suffolk.