MARY A. BROWN *vs.* TOWN OF WINTHROP.

Middlesex.     January 19, 1931. — March 2, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Way,* Public: defect, notice. *Notice. Practice, Civil,* Waiver of proof by counsel. *Waiver. Attorney at Law.*

If, after an attorney at law, who in his own name as "attorney for" a woman had signed a letter addressed to and received by a town clerk which purported to be a notice under G. L. c. 84, §§ 18, 19, received from the town's attorney, to whom the town clerk had delivered such letter, a letter stating that such notice did not comply with the law and directing that further notice be given as specified in § 20 of said statute, such attorney sends a new notice, addressed to the town clerk "c/o" its town attorney by name but not by title, such new notice is invalid since it was not served upon or sent to the town clerk, treasurer, or one of the selectmen of the town.

A notice, sent in behalf of a woman and addressed to and delivered to the clerk of a town, and reading, "You are hereby notified that . . . [the woman] was injured by reason of defect in sidewalk on . . . [a certain street in the town] at a place approximately opposite #440 . . : on Sunday evening October 5th, and claims damages by reason of said injury," did not contain a sufficient notice of the cause of the injury to satisfy the requirements of G. L. c. 84, §§ 18, 19.

If the new notice, purporting to be sent in response to the demand under § 20 of the statute as above described, stated merely, "You are hereby notified that . . . [the woman] was injured by reason of defect in the sidewalk in front of 440 . . . [the number on the street previously named], on that side of the street, on Sunday evening, October 5, 1926, between 6:30 and 7 P.M., and claims damages by reason of said defect," such new notice, even if it had been properly addressed and served, was insufficient under said §§ 18–20.

The notice required by G. L. c. 84, § 18, is a condition precedent to the right to maintain an action under G. L. c. 84, § 15, and cannot be waived by a city or town.

At the trial of an action against a town under G. L. c. 84, § 15, the town's counsel agreed that notices, purporting to have been given under §§ 18–20 of the statute, were valid in all respects. A verdict was ordered for the defendant and exceptions saved by the plaintiff were sustained. As a second trial was about to begin, the same town counsel informed counsel for the plaintiff that he would require proof of notice of time, place and cause. The notices were not sufficient. The trial judge ruled "as a matter of law that that agreement having been made in open court at the first trial is effective and binding at this trial." *Held,* that

(1) The notice required by the statute went to the root of the plaintiff's cause of action and was in no sense merely incidental to the proof of an existing right;

(2) The town counsel had no authority to waive the statutory requirements as to such a notice;

(3) The ruling by the judge was error, and a verdict for the defendant should have been ordered.

TORT under G. L. c. 84, § 15. Writ dated May 23, 1927.

Material proceedings at the first trial of the action in the Superior Court and material facts and proceedings at the second trial before *McLaughlin,* J., following the decision reported in 270 Mass. 322, are stated in the opinion. There was a verdict for the plaintiff in the sum of $4,000. The defendant alleged exceptions.

*L. C. Guptill,* for the defendant.

*R. T. Bushnell,* for the plaintiff.

PIERCE, J. This is an action of tort to recover damages for personal injuries sustained by the plaintiff by reason of a fall on the westerly sidewalk of Revere Street, in Winthrop, on the evening of October 3, 1926. This action with an action entitled Mary A. Brown *vs.* Ezekiel C. Sargent was tried to a jury, and after a directed verdict for each defendant came to this court on the exceptions of the plaintiff. *Brown* v. *Winthrop,* 270 Mass. 322. In the above actions the exceptions of the plaintiff were sustained as to the town of Winthrop and overruled as to the defendant Sargent. After a second trial of the action against the town of Winthrop and a verdict for the plain-

tiff, the case is again before us on the exceptions of the defendant to the refusal of the judge at the close of the evidence to direct a verdict for the defendant on the ground, among others, that the plaintiff did not comply with the statutory requirements by giving notice of the time, place and cause of the accident. G. L. c. 84, § 18.

At the first trial of the actions it was agreed by counsel for the defendant town that the notice was valid in all respects. As the second trial was about to begin the same town counsel informed counsel for the plaintiff that he would require proof of notice of time, place and cause. The plaintiff then called the town clerk and offered, and the judge received, in evidence without objection the following notice: " October 11, 1926  The Town Clerk, Winthrop, Mass.  You are hereby notified that Mrs. Mary Brown of 376 Washington Street, Lynn, was injured by reason of defect in sidewalk on Revere Street, Winthrop, at a place approximately opposite #440 Revere Street, on Sunday evening October 5th, and claims damages by reason of said injury. Very truly yours, Robert T. Bushnell, Attorney for Mary Brown." This notice was received. by the town clerk on October 13, 1926, and sent to the town attorney. On October 15, 1926, the attorney for the town sent to the attorney for the plaintiff the letter which follows: " Mrs. Mary Brown  c/o Robert T. Bushnell, Esq., 53 State Street, Boston, Mass. Dear Madam: You are hereby notified that your notice of October 11 does not comply with the law and you are hereby directed to give a further notice within four days as provided by statute." On October 20, 1926, the plaintiff by her counsel sent a new notice, addressed " Town Clerk  Town of Winthrop  c/o Leon C. Guptill, Esq., 11 Beacon Street  Boston, Mass.," which reads: " You are hereby notified that Mrs. Mary Brown of 376 Washington Street, Lynn, was injured by reason of defect in the sidewalk in front of 440 Revere Street, Winthrop, on that side of the street, on Sunday evening, October 5, 1926, between 6.30 and 7 P.M., and claims damages by reason

of said defect." On October 21, 1926, counsel for the defendant wrote the counsel for the plaintiff as follows: "Your letter of October 20th is received. I note that the date of this accident was Sunday evening, October 5, 1926. I shall assume unless I hear from you to the contrary that the date was actually October 3 and that the fifth is a typographical error in your notice."

The letter dated October 20, 1926, *supra*, was not served upon or sent to the town clerk, treasurer, or one of the selectmen of Winthrop, as G. L. c. 84, § 19, provides shall be done when the notice required by G. L. c. 84, § 18, is sent to a town. It was therefore invalid as a notice to the defendant town. *O'Connell* v. *Cambridge,* 258 Mass. 203.

If the letter of October 11, 1926, and the letter of October 20, 1926, be considered as properly served, it is obvious on inspection that neither of them gave the cause of the alleged injury other than to state that the plaintiff "was injured by reason of defect in the sidewalk." That such a notice of cause of injury upon a public way is insufficient is settled by many decisions. *Noonan* v. *Lawrence,* 130 Mass. 161. *Miles* v. *Lynn,* 130 Mass. 398. *Dickie* v. *Boston & Albany Railroad,* 131 Mass. 516. *Dalton* v. *Salem,* 131 Mass. 551. *Shea* v. *Lowell,* 132 Mass. 187. *Miller* v. *Springfield,* 177 Mass. 373. Compare *Bailey* v. *Everett,* 132 Mass. 441; *Liffin* v. *Beverly,* 145 Mass. 549. It is equally obvious that the new notice did not comply with the law as to the cause of the injury and that the original notice remains insufficient if the second notice be considered a part of it. St. 1894, c. 389. G. L. c. 84, § 20. The failure to state the cause of the accident in either notice was an omission, and not an inaccuracy which the plaintiff might meet by proof that there was no intention to mislead, and that the defendant was not in fact misled. G. L. c. 84, § 18. *Tobin* v. *Brimfield,* 182 Mass. 117. *Bowes* v. *Boston,* 155 Mass. 344. *Gardner* v. *Weymouth,* 155 Mass. 595, 597. *Dooling* v. *Malden,* 258 Mass. 570, 572.

The notice required by G. L. c. 84, § 18, is a condition precedent to the right to maintain an action under G. L. c. 84, § 15, and cannot be waived by city or town. *Gay* v. *Cambridge,* 128 Mass. 387. *Shea* v. *Lowell, supra.* Subject to the exception of the defendant, at the close of the evidence the judge stated: "It having been agreed at a former trial that a legal notice was given as to the time and place of this accident to the town and the parties as I understand from what has been said by both parties did not intend to exclude the cause of the accident, but intended and understood that it was agreed that a legal notice was given as to the time, place and cause of the accident, I will rule as a matter of law that that agreement having been made in open court at the first trial is effective and binding at this trial." We are of opinion that the ruling was error. It was said by Gray, C.J., in *Moulton* v. *Bowker,* 115 Mass. 36, at page 40: "An attorney at law has authority, by virtue of his employment as such, to do in behalf of his client all acts, in or out of court, necessary or incidental to the prosecution and management of the suit, and which affect the remedy only, and not the cause of action." See also Morton, C.J., in *Shea* v. *Lowell, supra.* The waiver of the notice required by the statute went to the root of the plaintiff's right of action, and in no sense was it merely incidental to the proof of an existing right. As respects the substance of the notice, the concession did not create a good notice or a defective notice that could have been cured had the proof of notice not been waived. It follows that the exceptions to the rulings of the judge must be sustained, that the motion for a directed verdict should have been allowed, and that judgment for the defendant shall now be entered.

*So ordered.*