## Viola S. Merrill *vs.* City of Springfield.

Hampden.    September 21, 1933. — October 25, 1933.

Present: Rugg, C.J., Crosby, Pierce, Field, & Donahue, JJ.

*Way,* Public: defect. *Notice.*

A notice to a city of personal injuries sustained by a traveller upon a public way, otherwise given in compliance with the requirements of G. L. (Ter. Ed.) c. 84, §§ 18, 19, was defective in that the only statement therein of the cause of the injuries was that they "were due to a defective, dangerous condition of said . . . [way] in which snow and ice accumulated, as a result of which I fell . . . ."

A second notice, thereafter sent by the traveller above mentioned pursuant to a notification and request by the city under § 20 and amplifying the description of the cause of his injuries, was invalid because it was served upon an assistant city solicitor rather than upon the mayor, city clerk, or treasurer.

The deficiency in the first notice above described was not cured by the invalid supplementary notice.

The deficiency in the first notice above described was an omission and not a mere inaccuracy which could be cured, under § 18, by proof, in an action for such injuries subsequently brought by the traveller against the city, that the plaintiff had no intention to mislead the defendant and that the defendant was not in fact misled.

Tort.    Writ dated December 12, 1929.

The action was tried in the Superior Court before *Broadhurst,* J.    Material evidence is stated in the opinion.    Sub-

ject to leave reserved, a verdict for plaintiff in the sum of
$3,000 was recorded. Thereafter the judge ordered entered
a verdict for the defendant. The plaintiff alleged an ex-
ception.

The case was submitted on briefs.

*H. A. Moran & S. A. Moynahan*, for the plaintiff.

*C. V. Ryan, Jr.*, City Solicitor, & *F. I. Gallagher*, Assistant
City Solicitor, for the defendant.

PIERCE, J. This is an action of tort to recover damages
for injuries sustained by the plaintiff on January 23, 1929,
at about nine o'clock in the morning, alleged to have been
caused by a defective condition of the crosswalk leading
from Belmont Avenue across Locust Street at the junction
of Mill Street in the city of Springfield. The case was
tried to a jury and a verdict was returned for the plaintiff.
Later the judge ordered entered a verdict for the defendant
in accordance with leave reserved. The case is before this
court on the plaintiff's exception "to the action of the
court in allowing the defendant's motion to direct a verdict
under leave reserved."

On January 30, 1929, the following notice, signed by the
plaintiff by her attorney, was received in the office of the
mayor of the city of Springfield: "January 29, 1929. To
the Mayor, City of Springfield, Springfield, Mass. Dear
Sir: — This is to notify you that I claim compensation for
personal injuries received on January 23rd about 8.45 A.M.
on the crosswalk at Belmont Avenue and Locust Street.
My injuries were due to a defective, dangerous condition of
said crosswalk in which snow and ice accumulated, as a
result of which I fell fracturing my right arm." This notice
was insufficient since the cause is not specific and "is equally
consistent with an excavation in the way, an obstruction
upon the way, an original malconstruction of the way, a
worn, uneven and irregular condition of the surface of the
earth, an accumulation of snow and ice, or both, or any
of the many varieties of defect which may exist in a way."
*Noonan* v. *Lawrence*, 130 Mass. 161, 163. The defendant
in accordance with the provision of G. L. c. 84, § 20, notified
the plaintiff's attorney that the notice was insufficient and

requested that additional notice be given forthwith stating more specifically the exact time, place and cause of the accident and requesting that said notice be served in compliance with the law. Thereupon, on February 5, 1929, the plaintiff's attorney sent a supplemental notice to the law department of the city of Springfield, directed to the attention of C. B. Ellis, assistant city solicitor, which reads: "February 5, 1929. City of Springfield, Law Department, Springfield, Mass. Gentlemen: — ATTENTION — C. B. Ellis, Asst. City Solicitor I have your request for amplified notice in the case of Viola S. Merrill vs. City of Springfield. The place where the accident occurred was on the crosswalk leading from Belmont Avenue on the easterly side across Locust Street, at a point about twelve to fifteen ft. south of the end of the sidewalk. The cause of the accident was depression in crosswalk in which snow and ice accumulated." This second notice was invalid because it was not served on the mayor, city clerk or treasurer, as required by G. L. c. 84, §§ 19, 20. The original notice was valid because served on the mayor, but its inefficiency could not be cured by adding to it the invalid supplementary notice. *O'Connell* v. *Cambridge*, 258 Mass. 203. *Brown* v. *Winthrop*, 275 Mass. 43, 46. The failure to state the cause of the accident was an omission and not an inaccuracy which the plaintiff might meet by proof that there was no intention to mislead and that the defendant was not in fact misled. G. L. c. 84, § 18. *Brown* v. *Winthrop*, 275 Mass. 43, 46, and cases cited.

*Exceptions overruled.*