FRANK L. GRAY vs. HAROLD C. HATCH.

SAME vs. ELLA MAY HATCH, executrix.

ELLA MAY HATCH vs. FRANK L. GRAY.

ELLA MAY HATCH, executrix, vs. SAME.

LILLIAN HATCH vs. SAME.

Franklin. Middlesex. Norfolk. October 7, 1937. — December 27, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Motor Vehicle*, Registration.

Under G. L. (Ter. Ed.) c. 90, § 2, before its amendment by St. 1934, c. 361, an automobile was not properly registered to one residing on Baptist Corner Road, Ashfield, who received his mail by rural free delivery from Shelburne Falls, a village seven miles away situated in other towns, on an application for registration stating his residence as Baptist Corner Road, R. F. D. Shelburne Falls, and Ashfield as the town in which the automobile was garaged.

FIVE ACTIONS OF TORT. Writs in the first two actions in the District Court of Franklin dated January 26, 1935, and July 6, 1935; in the third and fourth actions in the First District Court of Eastern Middlesex dated February 20, 1935; and in the fifth action in the District Court of East Norfolk dated July 30, 1935.

On removal of the actions to the Superior Court, they were referred to an auditor whose findings were not to be final. The actions then were heard by *Williams*, J., upon the auditor's reports without other evidence. The judge ordered judgments for the defendants in the first and second actions; and in the other actions he ordered judgments for the plaintiffs in the sums, respectively, of $3,500, $1,500, and $4,000. Gray alleged exceptions.

*C. Fairhurst*, for Frank L. Gray.

*E. Field*, (*R. H. Field* with him,) for the defendants Harold C. Hatch and another.

*E. P. Shaw, 3d*, for the plaintiffs Ella May Hatch and another.

*G. E. Thompson*, for the plaintiff Lillian Hatch.

Qua, J. These actions were heard together on an auditor's reports without other evidence. All arise out of a collision in Charlemont on August 14, 1934, between an automobile owned and operated by Gray and an automobile owned by Theron H. Hatch, deceased, of whose will Ella May Hatch is executrix, and driven by Harold C. Hatch. Upon findings of the auditor which need not be recited here the decisive question in all the cases is whether or not the Gray automobile was legally registered.

Upon this question of registration the material findings of the auditor are these: Gray's application for registration for 1934 and likewise his certificate of registration for that year gave his place of residence as "Baptist Cornor Rd. R. F. D. Shelburne Falls." Shelburne Falls is a village situated partly in Shelburne and partly in Buckland. Gray did not live at Shelburne Falls. He lived on the road known as Baptist Corner Road at "Baptist Corner" in Ashfield, seven miles from the post office at Shelburne Falls. In order to go from Shelburne Falls to Ashfield it is necessary to pass through a part of Conway as well as a part of Buckland. Gray received his mail from the post office in Shelburne Falls by rural free delivery over Baptist Corner Road. His application for registration gave Ashfield as the municipality where the vehicle was "Garaged."

The registration statute, G. L. (Ter. Ed.) c. 90, § 2, is imperative in its requirements that both the application and the certificate of registration shall contain the name, place of residence and address of the applicant. The fulfillment of one or two of these three requirements cannot be accepted as the equivalent of full compliance with the statute. In this case both the application and the certificate were defective in not correctly stating Gray's place of residence. "Baptist Cornor Rd." standing alone would not suffice. Even with the addition of "R. F. D. Shelburne Falls" there is no correct statement of the place of residence. A statement of the place where a vehicle is "garaged" cannot be substituted for a statement of the place of residence of its owner.

We do not perceive any sound ground on which these

cases can be distinguished from a series of recent cases in which every point here raised has in substance already been decided. *Di Cecca* v. *Bucci*, 278 Mass. 15. *Ricker* v. *Boston Elevated Railway*, 290 Mass. 111. *Crean* v. *Boston Elevated Railway*, 292 Mass. 226. *Brodmerkle* v. *Gorolsky*, 293 Mass. 517. *Lappanasse* v. *Loomis*, 297 Mass. 290. The case of *Topf* v. *Holland*, 288 Mass. 552, is to be distinguished. There the circumstances were peculiar, and the case was said to be close.

St. 1934, c. 361, which provides that a registration shall be valid notwithstanding any mistake in certain respects, including residence, took effect too late to be of avail in these cases.

In each case, in the opinion of a majority of the court, the entry must be

*Exceptions overruled.*