ANNA M. KING *vs.* CITY OF BOSTON.

Suffolk.     March 7, 1938. — May 26, 1938.

Present: RUGG, C.J., FIELD, LUMMUS, DOLAN, & COX, JJ.

·     *Way*, Public: defect.     *Notice.*

A failure by one injured by a defect in a public way to state his place of residence both in a notice purporting to be given under § 18 of G. L. (Ter. Ed.) c. 84, as amended by § 1 of St. 1933, c. 114, and in a second

notice after receipt of a counternotice under § 20 as amended by § 3 of said c. 114, was not a mere inaccuracy in the notice within § 18, as amended, but rendered it fatally defective, and prevented the maintenance of an action for such injuries.

TORT. Writ in the Superior Court dated October 21, 1933.

A verdict for the plaintiff in the sum of $3,000 was recorded with leave reserved before *Brogna*, J., who afterwards ordered a verdict for the defendant entered.

*H. F. R. Dolan*, for the plaintiff.

*J. A. Dorsey*, Assistant Corporation Counsel, for the defendant.·

RUGG, C.J. This is an action of tort to recover compensation for personal injuries received by the plaintiff on September 16, 1933, on a public way in Boston. While walking on a sidewalk in front of 126 Englewood Avenue, she tripped and fell because a part of the sidewalk was higher than the level of the adjacent part. Both the plaintiff and the defendant introduced evidence on the negli- gence of the defendant, the due care of the plaintiff, and the damages suffered by the plaintiff. There was sufficient evidence to warrant a finding that there was a defect in the sidewalk at the place of the alleged accident. The plaintiff introduced in evidence a notice dated September 30, 1933, with return of service indorsed thereon, showing service upon the mayor and city clerk of the defendant on October 2, 1933. That notice stated that, on September 16, 1933, at about three thirty P.M., the plaintiff was injured by tripping and falling on the sidewalk in front of 126 Englewood Avenue "where a cement square forming a part of the sidewalk was substantially higher than the level of the adjacent part of the sidewalk." The residence of the plaintiff was not stated in this notice. Later in the trial the defendant put in evidence a notice dated September 25, 1933, whereby the plaintiff notified the mayor of the defendant of injuries received by her at precisely the same time and place set forth in the notice dated September 30, 1933, except that it was stated, "where the cement square forming a part of the sidewalk had caved in and was de-

pressed below the rest of the sidewalk," and in other respects the notice of September 30, 1933, was similar to it. This notice did not state the residence of the plaintiff. The defendant also put in evidence a counternotice from the defendant to the plaintiff, stating that the notice of September 25, 1933, was not in conformity to law and was insufficient, and requesting forthwith a further written notice in compliance with the law. G. L. (Ter. Ed.) c. 84, § 20, as amended by St. 1933, c. 114, § 3. This notice was received by counsel for the plaintiff on September 28, 1933. During the trial it was stipulated by counsel that there was no intention on the part of the plaintiff to mislead the defendant by reason of any insufficiency or inaccuracy in stating the name or place of residence of the plaintiff, or the time, place or cause of the injury, in the plaintiff's notices to the defendant of said injury, and that the defendant was not in fact misled by any such insufficiency or inaccuracy. After the return of the verdict and before the recording thereof, the trial judge reserved leave, with the assent of the jury, to enter a verdict for the defendant if, upon the exceptions taken or the questions of law reserved, the Superior Court or the Supreme Judicial Court should decide that such verdict for the defendant should have been entered.

After the return of a verdict in favor of the plaintiff, the defendant filed a motion in writing for the entry of a verdict in its favor under leave reserved. Thereupon, the trial judge stated that the only question of law to be submitted to the Supreme Judicial Court is whether "the notice given by the plaintiff to the defendant stating the name, but omitting to state the place of residence of the person injured," was sufficient and in compliance with G. L. (Ter. Ed.) c. 84, as amended by St. 1933, c. 114. The counsel acquiesced in that statement. Thereupon, the motion was allowed and a verdict was ordered to be entered in favor of the defendant. G. L. (Ter. Ed.) c. 231, § 120. The exceptions of the plaintiff bring the case here.

It is provided by G. L. (Ter. Ed.) c. 84, § 18, as amended by St. 1933, c. 114, § 1, that a person injured by a defect

or want of repair in a highway shall, "within thirty days thereafter, give to the county, city, town or person by law obliged to keep said way in repair, notice of the name and place of residence of the person injured, and the time, place and cause of said injury or damage." The giving of such notice is a condition precedent to the maintenance of an action to recover compensation for such injury. The notice required by the statute cannot be waived and must be proved. *Brown* v. *Winthrop*, 275 Mass. 43. *Roland* v. *Kilroy*, 282 Mass. 87. The notice must be given to the mayor, city clerk or treasurer of a city, and cannot be given to any other person. *O'Connell* v. *Cambridge*, 258 Mass. 203. It is provided by G. L. (Ter. Ed.) c. 84, § 20, as amended by St. 1933, c. 114, § 3, that, if the person injured fails to include in the notice a statement of residence, no advantage shall be taken by a defendant of such omission unless, within five days after its receipt, a request is made for a written notice which shall comply with the law. The defendant made appropriate request for such notice after receipt of the notice dated September 25, 1933. That original notice was fatally defective in that there was an entire omission to state in it the place of residence of the plaintiff. It was not merely inaccurate in that particular. An inaccuracy might be met by showing that there was no intention to mislead and that the party entitled to the notice was not in fact misled; but there was no statement whatever in that notice on that subject. An omission cannot be cured in that way, but after a counternotice must be remedied by a notice supplying the necessary information. Failure to give a proper notice in response to the request of the city, within the five days specified in the statute, bars the plaintiff from maintaining her action. *Merrill* v. *Springfield*, 284 Mass. 260. The omission of the statement in the notice of the place of residence of the person injured stands on the same footing as omission of other requisites of a valid notice. *Brown* v. *Winthrop*, 275 Mass. 43. *Noonan* v. *Lawrence*, 130 Mass. 161. *Miles* v. *Lynn*, 130 Mass. 398. *Madden* v. *Springfield*, 131 Mass. 441. *Gray* v. *Hatch*, 299 Mass. 105.

The plaintiff contends that the notice of September 30,

1933, was sufficient in itself to enable the plaintiff to maintain her action in the absence of a counternotice from the defendant referring specifically to that notice. That contention cannot be supported. The first notice of the plaintiff, dated September 25, 1933, described the place and cause of the accident as "at this point when she tripped and fell on the sidewalk near the curb at a point where the cement square forming a part of the sidewalk had caved in and was depressed below the rest of the sidewalk, creating a dangerous and defective condition which caused her to trip and fall." The second notice given by the plaintiff, after receiving the counternotice, described the place and cause of the accident as "near the curb at this point where she tripped and fell on the sidewalk where a cement square forming a part of the sidewalk was substantially higher than the level of the adjacent part of the sidewalk, creating a dangerous and defective condition which caused her to trip and fall." It is manifest that the notices, one of September 25 and one of September 30, designate the same alleged defect in the sidewalk. They describe an irregularity in the surface of the sidewalk at the same place. They refer to the same cause of action. It is plain, also, that the first notice was defective in its omission to state the place of residence of the person injured. Counternotice was given by the defendant to the plaintiff respecting that notice. The second notice given by the plaintiff was also defective in the same particular. The inference is not permissible that it described a different cause of action from that stated in the first notice. The defendant was not required to give a new counternotice with respect to the second notice.

Nothing in G. L. (Ter. Ed.) c. 84, § 20, as amended by St. 1933, c. 114, § 3, relieves the plaintiff from the effect of the omission in each notice. *Merrill* v. *Springfield*, 284 Mass. 260. *Brown* v. *Winthrop*, 275 Mass. 43. The decision in *McLean* v. *Boston*, 180 Mass. 69, affords no aid to the plaintiff.

*Exceptions overruled.*