Sullivan, J.
By this action of tort the plaintiff seeks damages for personal injuries received by him while a traveler on a defective sidewalk on Inman Street in the City of Cambridge, which defect was caused by an unnatural accumulation of snow and ice.
A trial was had on undisputed facts upon statements made by counsel in open court. The single and decisive issue raised by the defendant related to the sufficiency of the plaintiff’s notice predicated on G. L. (Ter. Ed.) chapter 84, section 18 which is in the following language. ‘ ‘ February 6, 1941. Frederick H. Burke, City Clerk, City Hall, Cambridge. Dear Sir: This is to notify you that at about approximately 6:45 P. M. on Sunday, February 2, while walking towards Mass. Ave. on the west side of Inman *162 St., I fell on the ice in front of the property at #34-37 Trim an ;St. and badly sprained my right leg. This accident happened on the northeasterly end of the southerly driveway in front of said property and approximately 243.5 feet southerly from the south line of Harvard St. I claim damages for this accident in that the sidewalk was in bad condition and there was an accumulation of ice and snow. Sincerely yours, (signed) Donald J. Reardon, 393 Broadway, Cambridge, Massachusetts.”
The plaintiff filed the following requests for rulings of law. “1. As a matter of law, the notice given by the plaintiff to the defendant was a valid and subsisting legal notice in compliance with the provisions of General Laws, Chapter 84, Section 18. 2. Under the provisions of General Laws, Chapter 84, Section 18, the notice given is not invalid or insufficient solely by reason "of any inaccuracy in stating the name or place of residence of the person injured, or the time, place or cause of the injury, if it is shown that there was no intention to mislead thereby. (In the instant case it was agreed by the parties that the defendant was not in fact misled by the notice given by the plaintiff.) ” The first request was denied and the second was allowed “in so far as it is applicable to the case. ’ ’
There was a finding for the defendant.
The trial court in its finding of fact stated that the defendant’s notice set out correctly the time and place of the accident and the alleged cause was the bad condition of the sidewalk due to the “accumulation of ice and snow” and that February 8, 1941, upon which day the notice was received, the défendant sent a counter-notice according to law alleging the insufficiency of the notice and in reply *163 thereto, the plaintiff sent another notice addressed to the City Solicitor on February 11, 1941. This • latter notice made no change in the allegation as to the cause of the injury. There was a defect in the sidewalk consisting of a depression caused by an accumulation of ice and snow and that the city knew or should have known of this defect ; that the city was not misled by the notice and while the plaintiff was in the exercise of due care was injured because of the defect and was damaged to the extent of five hundred dollars. The notice was insufficient. The court further declared that if his disposition of the rulings as it relates to the notice was wrong then a finding in the sum of five hundred dollars for the plaintiff should be made.
The report is alleged to contain all the evidence material to the issues involved.
The single question to be determined is, as to the sufficiency of notice, sent by the plaintiff to the defendant city, alleging the cause of the plaintiff’s injuries was due to the “bad condition” of the sidewalk where there “was an accumulation of ice and snow.” There was a counter-notice sent to the City Solicitor but it was no more specific than the original notice in describing the cause of the accident.
The new notice did not comply with the law as to the cause of the injury and that the original notice remains insufficient if the second notice be considered a part of it.
G. L. (Ter. Ed.) C. 84, §20 as amended by Stat. 1933 c. 114, s. 3.
The giving of such notice is a condition precedent to the maintenance of an action to recover compensation for such ' injury. The notice required by statute cannot be waived. King vs. Boston, 300 Mass. 377. Brown vs. Winthrop, 275 Mass. 43. Roland vs. Kilroy, 282 Mass. 87. Nash vs. *164 South Hadley, 145 Mass. 105, 107. Dalton vs. Salem, 139 Mass. 91, 92.
The notice must be( given to the mayor, city clerk or treasurer of a city and cannot be given to any other person. O'Connell vs. Cambridge, 258 Mass. 203.
The second notice was sent to the city solicitor. The original notice in the O’Connell case, supra, was sent to the city solicitor, was held not to be the proper city representative to be served and not in accordance with the statute. This point was not raised by either party in the instant case.
Failure to give proper notice bars the plaintiff from maintaining the action. King vs. Boston, 300 Mass. 377 at page 380.
The failure to state the cause of the accident in either notice was an omission, and not an inaccuracy which the plaintiff might meet by proof that there was no intention to mislead and that the defendant was not in fact misled. Brown vs. Winthrop, 275 Mass. 43 at page 46.
In the latter case, the plaintiff alleged the injury was received “by reason of a defect in the sidewalk on Revere St., Winthrop, at a place approximately opposite 440 Revere Street * * The counter-notice set out that the plaintiff “was injured by reason of a defect in the sidewalk in front of 440 Revere St., Winthrop on that side of the street * * Counter-notice was served on town counsel. The court found that the notice was not in accordance with Gr. L. c. 84, s. 19 and invalid as a notice. (See O’Connell vs. Cambridge, 258 Mass. 203). Noonan vs. Lawrence, 130 Mass. 161. Miles vs. Lynn, 130 Mass. 398. Dick vs. Boston & Albany Railroad, 131 Mass. 516. Sheal vs. Lowell, 132 Mass. 187. Miller vs. Springfield, 177 Mass. 373.
*165 In Merrill vs. Springfield, 284 Mass. 260 the notice sent by the plaintiff alleged that the “injuries were due to a defective, dangerous condition of said crosswalk in which snow and ice accumulated, as a result of which I fell” * * * The notice was declared to be insufficient since the cause is not specific and “is equally consistent with an excavation in the way, an obstruction on the way, an original mal-construction of the way, a worn, uneven and irregular condition of the surface of the earth, an accumulation of snow and ice, or both, or any of the many varieties of defect which may exist in a way.” The counter-notice described the “cause of the accident was a depression in the crosswalk in which snow and ice accumulated.” The second notice was invalid as it was not served on the mayor, city clerk or treasurer as required by G. L., c. 84, s. 19, 20. The original notice was valid because it was served on the mayor, but its inefficiency could not be cured by adding to it the invalid supplementary notice. The failure to state the cause of the accident was an omission and not an inaccuracy. O’Connell vs. Cambridge, 258 Mass. 203. Brown vs. Winthrop, 275 Moss. 43.
There was no prejudicial error in the denial of the plaintiff’s requests for rulings and the finding that the notice was an omission and not an inaccuracy. Report dismissed.