Sullivan, J.
This action based on tort, is for compensation due the plaintiff because of injuries received by her on March 8, 1940 due to the alleged defective condition of a sidewalk on Garden Street, Cambridge.
The defendant in its answer alleged a general denial, contributory negligence and the place where the alleged injuries happened was not a public way.
There was evidence that the plaintiff accompanied by her child, while on the way to the latter’s school at 8:15 a. m. on March 8, 1940 in crossing a driveway which was composed of granite blocks or cobblestones, on Garden Street in Cambridge and near the Botanical Gardens, caught her foot between the granite blocks causing her to fall thereby breaking her wrist.
It was admitted by the defendant that Garden Street was a public way and that the same was patrolled on foot by *162 the Police Department several times a day. There was further evidence from the plaintiff that there was “no ice on sidewalk, snow pieces here and there, snow was on the side of the sidewalk” and in answer to one of the defendant’s interrogatories stated that “ice had formed between the stones and made them dangerous to pass over. My foot was caught between them”; that when the interrogatory and answer were read to her and she was asked' if the accident was caused in that way, replied, “I don’t remember, but that is my signature” and replied when further questioned as to the truth of her answer, “There was a little bit of ice; a little wet”; that in answer to a further interrogatory she stated that her “foot slipped on the stones, and slipped from the side of ones that were three inches to four inches above the sidewalk, ice”; that a photograph of the locus taken three weeks later which was in evidence, showed stones one, two and three inches apart protruding in the driveway above the sidewalk one, two and more inches.
The notice sent by the plaintiff’s attorney under G. L., c. 84, sec. 18 and dated March 18, 1940 and received by the defendant March 19, 1940 was addressed to “City Clerk, City of Cambridge, City Hall, Cambridge, Mass.” and recited “On March 8, 1940, at about 8:00 o’clock a. m., a client of mine named Alice C'akouns of 304 Walden Street, Cambridge, Mass., fell and was injured near the entrance of the Botanical Gardens on the southerly side of Garden Street, a short distance from the corner of Linnaean Street. The said Alice Calcouns was injured as a result of a defect upon the sidewalk in front of said entrance, said defect being made more dangerous by the accumulation of ice and snow upon same. As a result of said negligence, my client broke her wrist and was treated at the Cambridge Hospital, Mt. Auburn Street, Cambridge, Massachusetts. Very *163 truly yours, Thomas F. Sullivan.” On March 19, 1940 the notice was received through the mail by the City Clerk. On the same day a counter notice was sent by the City Solicitor of the defendant that the plaintiff’s notice was “insufficient, because it fails to state the name or place of residence of the person injured, or the time, place or cause of the injury or damage, as the case may be,” and a request “forthwith to give a written notice in compliance with law”. On March 26, 1940 the following notice was received by the City Solicitor through the mail.
“Replying to your notice of March 19, 1940, in the relation to the above matter, I wish to say that the exact location where the accident happened is at the driveway entrance to the Botanical Gardens on Garden Street, Cambridge, Massachusetts. It is the only entrance to the Botanical Gardens from Garden Street. Some of these flagstones are depressed two inches to two and one-half inches, and others are raised up from one inch to two inches in the driveway. The place where the accident happened was the driveway nearest the easterly side of the sidewalk, and the negligent condition of these flagstones made the said sidewalk very dangerous, causing my client to fall and become injured, as alleged in my notice of March 8, 1940, (?). Kindly let me know in what respect my notice of March 8, 1940 (?) was insufficient, and if you are misled by the same, I shall be glad to co-operate with you to clear up any insufficiencies which may cause you to be misled”.
The following requests of the defendant were denied. “1. As a matter of law, the plaintiff is not entitled to recover because the notice given by her to the defendant dated March 18,1940, was insufficient in that it did not adequately describe the cause of the alleged injury, as provided by G. L., c. 84, s. 18. 2. Upon all the evidence, the plaintiff is not entitled to recover because the notice given *164 by her to the defendant dated March 18, 1940, was insufficient in that it did not adequately describe the cause of the alleged injury as provided by G. L., c. 84, s. 18. 4. As a matter of law, the plaintiff is not entitled to recover because the notice given by her to the defendant dated March 18, 1940, was not given within ten days of the alleged accident. 5. The failure of the plaintiff to give a proper notice to the defendant in response to the request of the defendant dated March 19, 1940, within the five days specified in G. L., c. 84, s. 20, bars the plaintiff’ from maintaining her action. 6. The notice given in behalf of the plaintiff dated March 25, 1940 and received by the defendant on March 26, 1940, was not given within the five days as required by G. L., c. 84, s. 20. 7. The notice dated March 25, 1940, is invalid in that it was sent to the City Solicitor, whereas the notice required by G. L., c. 84, s. 18, must in the case of a city be given to the Mayor, City Clerk, or Treasurer of the city. 8. The failure to state the cause of the accident was an omission and not an inaccuracy which, the plaintiff might meet by proof that there was no intention to mislead and that the defendant was not in fact misled. 9. It is not sufficient to assign as the cause of the injury under G. L., c. 84, s. 18, that the way was defective or in a dangerous condition or out of repair. There was a finding for the plaintiff. The report is alleged to contain all the evidence material to the issues involved.
The single issue to be determined is the sufficiency of the plaintiff’s notice. In order for the plaintiff to maintain her cause of action it is necessary that she give a notice to the city “within ten days” after her injury. G. L. (Ter. Ed.) c. 84, § 18 as amended by Stat. of 1933 c. 114, § 1. O’Neil vs. Boston, 257 Mass. 414 @ 415. The notice, in the latter case, although mailed on the tenth day, was not received until the eleventh day after the injury. Mere mailing of the notice is not sufficient unless *165 it was received within ten days. See cases cited @ p. 415. In the case at bar the plaintiff was injured on March 8, 1940 and notice to the defendant was dated March 18, 1940 and received by the City Clerk through the mail on March 19, 1940. Such notice was not in accordance with the law as the same was not received within ten days. It has been held that “Notice to a person particularly notice to a person at a specified place is not given until it reaches the person named at the place specified.” McCord vs. Masonic Casualty Co., 201 Mass. 473, 475. Schneider vs. Boston Elevated Ry., 259 Mass. 564, 566. In the latter case it was stated that “ When a plaintiff is required to prove that he gave a notice of claim for damages to a particular person within a specified time and relies upon the mail for its delivery, he must offer evidence that such a notice was prepared and properly addressed and mailed, postage prepaid, in time to reach the person in the regular course of the mail within the time.” See cases cited @ page 566.
The defendant contends that the. plaintiff’s notice does not adequately describe the cause of her injury. Such notice sets out the injury as having been the “result of a defect upon the sidewalk in front of said entrance, said defect being made more dangerous by the accumulation of snow and ice.” In Merrill vs. Springfield, 284 Mass. 260, 261, the notice declared that injuries “were due to a defective, dangerous condition of said crosswalk in which snow and ice accumulated.” This notice was declared to be insufficient since the cause is not specific and “is equally consistent with an excavation in the way, an obstruction upon the way, an original malconstruotion in the way, a worn, uneven, an irregular condition of the surface of the earth, an accumulation of snow and ice, or both, or any of the many varieties of defect which may exist in a way.” *166 Noonan vs. Lawrence, 130 Mass. 161, 163. The notice in the latter case stated that the cause of the plaintiff’s injury was due to “the defective and dangerous condition of the way.” The court there stated the notice did not. sufficiently designate the nature of the alleged defect. In Brown vs. Winthrop, 275 Mass. 43, 45, the cause of the plaintiff’s injuries were alleged to have been caused “by reason of defect in sidewalk.” The notice was declared to be insufficient. Noonan vs. Lawrence, 130 Mass. 161, 163. Miles vs. Lynn, 130 Mass. 398. Dickie vs. Boston & Albany Railroad, 131 Mass. 516. Dalton vs. Salem, 131 Mass. 551. Shea vs. Lowell, 132 Mass. 187. Merrill vs. Springfield, 284 Mass. 260, 261.
In response to the defendant’s counternotice, the plaintiff under date of March 19, 1940 sent by mail to the City Solicitor of the defendant notice, that the accident was caused by “flagstones” that “are depressed two inches to two and one half inches, and others are raised up from one inch to two inches in the driveway” * * * that “the flagstones made the sidewalk very dangerous.”
This notice of the plaintiff was received in the mail March 26, 1940, the same not having been received within the five days as specified by G. L. (Ter. Ed.) c. 84, §20 as amended by Statute 1933 c. 114, §3. The notice was defective for two reasons in that the notice was addressed and received by the City Solicitor, who is not an officer of the defendant corporation and is without authority to receive it, when it should have been addressed and received by the Mayor, City Clerk or Treasurer. Merrill vs. Springfield, 284 Mass. 260. O’Connell vs. Cambridge, 258 Mass. 203. Brown vs. Winthrop, 275 Mass. 43.
In O’Connell vs. Cambridge, 258 Mass. 203, the notice was sent to the City Solicitor and not to the mayor, the city clerk or treasurer as required by section 20. The court there stated that “the general purpose and intent *167 of the Legislature” was “to impose an unqualified duty on the officers named, and not to clothe the injured party with discretionary power to select some other city officer to whom notice may be given. ’ ’
In Brown vs. Winthrop, 275 Mass. 43, the plaintiff’s second notice was addressed to “Town Clerk, Town of Winthrop, c/o Leon C. Guptell, Esq. 11 Beacon Street, Boston, Mass.” It was held to be an invalid notice. In Merrill vs. Springfield, 284 Mass. 260, the supplemental notice was addressed to and received by the Law Department of the defendant. It was an invalid notice in that it was not served on the mayor, city clerk or treasurer.
The notice in the case at bar was further defective in that it was received beyond the five-day limit established by the statute. It was received on the sixth day. Failure to give a proper notice in response to the request of the city, within the five days specified in the statute, bars the plaintiff from maintaining her action. King vs. Boston, 300 Mass. 377, 380. Merrill vs. Springfield, 284 Mass. 260. O’Neil vs. Boston, 257 Mass. 414, 415. Schneider vs. Boston Elevated Ry., 259 Mass. 564, 566.
In O’Neil vs. Boston, 257 Mass. 414, the plaintiff was injured on January 28, 1923, the notice to the defendant having been sent by registered mail, February 7, 1923 and received by the city clerk February 8, 1923. The notice was mailed on the tenth day and was not received until the eleventh day after the injury and the court there stated that “mere mailing of the notice is not sufficient unless it was received within ten days. Shea vs. New York, New Haven, and Hartford Railroad, 173 Mass. 177, McCarthy vs. Dedham, 188 Mass. 204, McCord vs. Masonic Casualty Co., 201 Mass. 473, 475.” It is a condition precedent to the maintenance of the plaintiff’s cause of action that she give the defendant notice “within ten days after the injury. G. L., c. 84, sec. 18.”
*168 The defendant contends further the notice to it does not set out understandingly the cause of the injury though the trial court by its finding and rulings has declared the plaintiff was injured because of a defect in the sidewalk and that there was no intention to mislead and that the defendant was not misled, see Cameron vs. Somerville, 285 Mass. 307, 310, where a group of cases are distinguished. It would serve no useful purpose to further elaborate on this contention as the plaintiff cannot recover because of the fatal objection of the plaintiff that the notices of the cause of the injury have not been made in the accordance with law.
• The denial of the defendant’s requests for rulings were prejudicial error in that they should have been granted. Following the cases above recited, the finding for the plaintiff is vacated and a finding for the defendant is ordered.