Martin, J.
Pursuant to Dist./Mun. Cts. R. A. D. A, Rule 8A, the defendant hereby appeals the decision of the district court judge awarding the plaintiff $2,094.10 in damages; we reverse.
The plaintiff brought an action against the defendant, Town of Marshfield, under G.L.c. 84, §15 alleging a defect in a way owned and controlled by the defendant town. The Court found total damages for the plaintiff in the amount of $2,326 and found the plaintiff to be 10% comparatively negligent assessing final damages of $2,094.10.
CONCLUSION
Recovery against the Town of Marshfield is barred because the Court found the plaintiff to be comparatively negligent. The Supreme Court of Massachusetts has held that a defendant Town cannot be liable to a plaintiff under c. 84 unless the injury suffered is solely caused by the municipality. Scholl v. New England Power Service Co., 340 Mass. 267 (1960); Carroll v. Lowell, 321 Mass. 98, 100 (1947); Hayes v. Hyde Park, 153 Mass. 514, 515, 516 (1891); Tomasello v. Commonwealth, 398 Mass. 284 (1986). “The sole cause rule is based not on principles of contributory fault but on causation.”
A condition precedent to the bringing of the action against the municipality under G.L.c. 84, §18, is the requirement that a notice be given within thirty days after the event. There is no evidence that such condition precedent was complied with. Paddock v. Town of Brookline, 197 N.E. 2d 321 (1964); George v. City of Worcester, 326 Mass. 446 (1950); Dooling v. City of Malden, 258 Mass. 570 (1927); O’Connell v. City of Cambridge, 258 Mass. 203 (1927); Rankin v. Wordell & McGuire Co., 254 Mass. 109 (1925); Miller v. Rosenthal, 258 Mass. 368, 369 (1927).
The defendant moved for a directed finding on notice grounds; the denial of which constituted reversible error.
The finding for the plaintiff is reversed and finding to enter on all counts for the defendant.