Sarason, J.
Plaintiff, Safety Insurance Company (Safety), has appealed a judgment in favor of Defendant, City of Boston, on a subrogation action to recover property damages incurred by its insured as a result of an alleged road defect. The Trial Judge allowed the City of Boston’s Motion for Directed Verdict on the grounds that Safety had not met its burden in proving that it had provided the City of Boston with the statutorily required pre-litigation notice as required by M.G.L.C. 84, §§18 and 19.
PROCEDI JR AT, HISTORY
Safety brought this action pursuant to M.G.L.c. 84, §15. In its Complaint, Safety alleged that on May 6,2006 Safety’s insured’s automobile suffered property damage as a result of a defect in a roadway that was negligently and carelessly maintained by the City of Boston and that Safety had “made due process for the defect” on the City of Boston. In its Answer, the City of Boston admitted that it had “received a letter from [Safety] on May 25,2006, purporting to be statutory notice,” did not deny that the notice was proper, and pled a number of affirmative defenses, none of which appeared to be related to the issue of notice.
At the bench trial on the merits, the parties apparently focused on the damage to Safety’s insured car, the cause of that damage, and whether or not the City of Boston was or should have been aware that there was a defect in the road. According to the Trial Judge’s Memorandum of Decision, written after the trial had concluded, “the defendant moved for a directed verdict at the end of the plaintiff’s case on notice grounds; the court should have allowed the motion.”[1] Therefore, the Trial Judge ordered that Judgment would enter for the Defendant.
In reaching that holding, the Trial Judge noted the following in his Memorandum of Decision (after making a finding that the hole in the street was a “defect” under M.G.L.c. 84, §15):
[T]he notice requirement of section 18, and 19, not only is condition precedent to bringing this action, it is also an essential ingredient indispensable to the existence of this cause of action and notice must not only be given, but must be pleaded. Paddock v. Brookline, 347 Mass. 230, 232 *298 (1964). [This] action ... is barred because there was no testimony presented which indicated that the plaintiff complied with the notice provision, which is condition precedent to bringing this action. Courtney January v. Town of Marshfield, 1995 Mass. App. Div. 145.
“Memorandum of Decision.” (emphasis added)
There does not appear to be anything in the record that either Safety or the City of Boston raised the issue of statutory notice at trial, that the parties stipulated that Safety had met the statutory notice requirements, that Safety introduced its May 23, 2006 “30 day Notice of Damage Due to Defect in the Way” served on the City of Boston as an exhibit at trial, that Safety introduced its Complaint and the City of Boston’s Answer as exhibits at trial or asked the Trial Judge to take judicial notice of those pleadings, that Safety ever raised the issue as a defense or otherwise at trial or at final argument, that the Trial Judge sua sponte looked at the pleadings, or that Safety brought its notice or the pleadings to the attention of the Trial Judge by means of a Motion for Reconsideration or other post-trial paper.
DISCUSSION
The issue before us is whether or not Safety had the burden of raising at trial the matter of timely statutory notice and if it did have that burden, whether or not Safety met its burden.
M.G.L.c. 84, §15, provides a cause of action against a municipality to recover damages caused by defects in a public way that are caused by the municipality’s negligence. M.G.L.c. 84, §18 provides that a plaintiff must send timely prelitigation notice to the municipality in order to recover under the statute, while section 19 specifies what information must be contained in the notice. There is no question that notice in accordance with sections 18 and 19 is a condition precedent to the bringing of the suit. Paddock v. Brookline, 347 Mass. 230, 231-32 (1964).
Safety satisfied the condition precedent. The trial court’s record includes a May 23,2006 “30 day Notice of Damage Due to Defect in the Way” and the City of Boston in its Answer admitted that it had “received a letter from [Safety] on May 25, 2006, purporting to be statutory notice” and did not deny that the notice was proper.
Under Paddock, the statutory notice is also an element of the plaintiff’s cause of action, an “essential ingredient indispensable to the existence of [plaintiff’s] cause of action.” Paddock v. Brookline, 347 Mass. 230, 231-32 (1964). See also Rabin v. MBTA, 1986 U.S. Dist. Lexis 22565 (D. Mass. July 18, 1996) (Zobel, D.J.). Furthermore, Mass. R. Civ. E, Rule 9C requires that all conditions precedent-must be pled. Therefore, as both a condition precedent and an element of a cause of action, the performance of the statutory notice must be pled. Paddock v. Brookline, 347 Mass. 230, 232 (1964). Safely satisfied its pleading burden because it alleged in its Complaint that it had “made due process for the defect” on the City of Boston.
The appellate issue has now been framed. Although Safety satisfied the condition precedent burden by sending a timely statutory notice, although Safety satisfied the pleading burden by alleging in its Complaint that it had “made due process for the defect” on the City of Boston, although the City of Boston in its Answer admitted that it had received a timely letter from Safety purporting to be statutory notice, and although the City of Boston never raised the issue at trial, was the Trial Judge correct in entering judgment for the City of Boston because Safety did not provide evi *299 dence or otherwise prove at trial that Safety had given the requisite, timely notice to the City of Boston?
As noted above, Safety in its Complaint pled notice in compliance with the statute and the City of Boston in its Answer admitted receipt of what purported to be statutory notice. By admitting that it had received a notice and by failing to address the adequacy of Safety’s notice, the City of Boston admitted both that notice had been given and that notice was proper. “[P]leadings must be interpreted so as to do substantial justice.” Mass. R. Civ. E, Rule 8 (f). Because the City of Boston admitted in the pleadings that it had received proper notice, it should be bound by that admission.
The effect of an admission in the pleadings is well established in both Federal law and Massachusetts practice. See, e.g., Meschino v. N. American Drager, Inc., 841 F.2d 429, 435-36 (1st Cir. 1988) (motion for directed verdict, for failure to prove that the defendant had sold the machine in question, wrongfully allowed when plaintiff brought judicial admission to the attention of the trial judge after the motion had been filed). See also M.G.Lc. 231, §87 (“In any civil action pleadings shall not be evidence on the trial but the allegations therein shall bind the party making them.”); Brodin, Avery, “Handbook of Massachusetts Evidence,” §2.4.2, p. 36 (8th Edition) (matters admitted in the pleadings are not open to dispute); Keller v. United States, 58 F.3d 1194, 1198-99 (7th Cir. 1995) (“ a judicial admission is not evidence at all but [has] the effect of withdrawing a fact from contention”); Wood v. Roy Lapidus, Inc., 10 Mass. App. Ct. 761, 765 (“a judicial admission is a proposition of fact in the form of acts or declarations during the course of judicial proceedings which conclusively determine the issue”).
The problem for Safety in this action is that apparently it never brought the judicial admission to the attention of the trial judge, either at the beginning of the trial (e.g. by a pretrial statement or stipulation),[2] during the trial (e.g. by reading the pleadings into the record or asking the trial judge to take notice of them), in response to the City of Boston’s motion for directed verdict,[3] at the close of all the evidence, or after the trial judge had issued his Memorandum of Decision. Did Safety’s failure to take this additional step entitle the City of Boston to a directed verdict?
Some of the M.G.L.c. 84, §§15,18,19 cases refer to the need for plaintiff to “prove” notice.[4] However, all of these cases were decided in the context of trials in which the matter of notice was not pled by the plaintiff or the issue of notice was disputed by *300 the defendant.[5] None of these decisions compel the conclusion that a plaintiff must “prove” notice even when the matter has been established as a judicial admission in the pleadings.[6]
The relevant appellate case law in Massachusetts on whether or not a plaintiff needs to bring a judicial admission regarding a condition precedent or element of the case to the attention of the court to avoid a directed verdict is rather sparse. See, e.g., Meschino v. N. American Drager, Inc., 841 F.2d 429, 435-36 (1st Cir. 1988), which appears to stand for the proposition that plaintiff must take an affirmative step of bringing the judicial admission to the attention of the trial judge to avoid a directed verdict (motion for directed verdict, for failure to prove that the defendant had sold the machine in question, wrongfully allowed when plaintiff brought judicial admission of sale to the attention of the trial judge after the motion had been filed). Wood v. Roy Lapidus, Inc., 10 Mass. App. Ct. 761, 765 (1980) holds that because the trial record did not support plaintiff’s argument that judicial admission as to a fact had been brought to the attention of trial judge who made factual findings, the admission need not be considered by appellate court.[7]
On the other hand, this Court must consider the issue of fairness to the parties, particularly where the parties appear to agree that the City of Boston never raised the issue at any time prior to its motion for a directed verdict and may have never even addressed the issue of notice in its motion for a directed finding.[8] For example, in Vasys v. MDC, 387 Mass. 51, 57 (1982), the MDC’s failure to allege in its pleadings that Mr. Vasys had not complied with the presentment requirements under the Massachusetts Tort Claims Act, M.G.L.c. 258, §4, “may have had the effect of lulling the plaintiff into believing that presentment would not be an issue in the case” until the MDC filed a motion for summary judgment. See also Honey Dew Associates v. Creighton Muscato Enterprises, Inc., 73 Mass. App. Ct. 846, 855 (2009) (because of a party’s failure at trial to rebut admission against it until closing argument, “a potentially dispositive fact which counsel [for the other parties] had been induced to *301 regard as conclusively established, was transformed into a hotly contested triable question,” especially when trial judge refused to instruct the jury on the conclusive effect of the parties’ pleadings).
Had Safety been completely blindsided by the City of Boston’s Motion for Directed Verdict and the Trial Judge’s Memorandum of Decision dismissing the action for failing to prove it had served the statutory notice and had Safety been left without an opportunity to rebut the City of Boston’s argument or the trial judge’s finding, then this Court might have found that fairness and justice would require a reversal of the trial judge’s decision. However, Safety’s failure to squarely address the issue at trial through a stipulation or a reading of the relevant pleadings into the record, coupled with its failure to bring those pleadings to the trial judge’s attention (by means of a timely opposition to the City of Boston’s motion, motion for reconsideration, or motion for relief from judgment under Mass. R. Civ. R, Rule 60[9]), as well as our reluctance to place a burden on a busy trial judge to read pleadings without a request or suggestion to do so from either party’s counsel, leads us to hold that Safety failed to meet its burden. Therefore, we uphold, on this admittedly close question, the entry of judgment for the City of Boston.
AFFIRMED.[10]

 According to the City of Boston’s brief, “Defendant/Appellee orally moved for a directed verdict which was denied.” The City of Boston’s brief does not indicate the grounds on which its motion was based.

 See, e.g., Brocklesby v. City of Newton, 294 Mass. 41, 42 (1936) (plaintiff did not need to prove statutory notice when trial judge was justified in concluding, from colloquies with counsel and the court in open court, that the City of Newton “admitted that a sufficient notice had been given and that there was no question of notice in the case.”)

 See, e.g. Meschino v. N. American Drager, Inc., 841 F.2d 429, 435-36 (1st Cir. 1988) (motion for directed verdict, for failure to prove that the defendant had sold the machine in question, wrongfully allowed when plaintiff brought judicial admission of sale to the attention of the trial judge after the motion had been filed).

 See, e.g., King v. City of Boston, 300 Mass. 377, 380 (1938) (“The notice required by the statute cannot be waived and must be proved.”).

 See, e.g., Fearon v. Commonwealth, 394 Mass. 50 (1985) (notice not pled); Paddock v. Brookline, 347 Mass. 230, 231-32 (1964) (no notice was pled); King v. City of Boston, 300 Mass. 377,380 (1938 (disputed at trial); Roland v. Kilroy, 282 Mass. 87 (1933) (disputed at trial); Brown v. Town of Winthrop, 275 Mass. 43 (1931) (disputed at trial).

 Many of these cases also stand for the proposition that the notice is jurisdictional and cannot be “waived” by the municipality. These holdings were based on the now rejected assumption that there could be no suit against a non-sovereign governmental entity in Massachusetts without the permission of the Legislature. See, e.g., Vasys v. MDC, 387 Mass. 51, 54, n.3 (1982).

 The holding is somewhat weakened by the Appeals Court’s statement that the admission in question may not have been true judicial admission since it was a conclusion of law rather than allegation of fact.

 Safety maintains that the issue was not raised in the City of Boston’s motion for directed finding, the Trial Judge found that the issue of “notice” was raising in that motion, and the City of Boston makes no representations as to what was or what was not in its motion.

 We do not reach the issue of whether or not the failure of Safety to take an affirmative step regarding the pleadings met the “excusable neglect” or other standards of Mass. R. Civ. P., Rule 60.

 Justice Patricia Bernstein heard oral argument but did not participate in the deliberations or preparation of this decision.